Benita Jo WILLIS, Appellant,

v.

The STATE of Texas, State.

No. 2–92–031–CR.

Court of Appeals of Texas,
Fort Worth.

July 6, 1993.

David K. Chapman, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Edward L. Wilkinson, Asst., Fort Worth, for appellee.

Before HILL, C.J., and DAY and FARRAR, JJ.

## OPINION

HILL, Chief Justice.

Benita Jo Willis appeals from the trial court's determination to proceed to an adjudication of guilt following a deferred adjudication. The State has filed a motion to dismiss her appeal, relying on article 42.12, section 5(b) of the Texas Code of Criminal Procedure. Inasmuch as that section of the Code precludes an appeal from the trial court's determination to proceed with an adjudication of guilt following a deferred adjudication, we dismiss this appeal.

In her response to the State's motion to dismiss, Willis refers us to her brief as the basis for her opposition to the motion. In her brief, Willis contends that the denial of her right to appeal from the trial court's determination to proceed with an adjudication of guilt following a deferred adjudication violates her right to due process under the United States and Texas Constitutions; her right to be free of double jeopardy under both Constitutions; and her right to equal protection of the law under the United States Constitution.

The United States Constitution does not require a state to provide appellate courts or a right to appellate review at all. *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891, 898 (1956). Further, in Texas, the right to appeal is statutory, not constitutional. *Ex parte Spring,* 586 S.W.2d 482, 485–86 (Tex.Crim. App. [Panel Op.] 1978). Consequently, we hold that the legislature's determination not to allow Willis to appeal from the trial court's determination to proceed with an adjudication of guilt does not violate Willis's rights under either the United States or the Texas Constitutions.

We therefore order that Willis's appeal be dismissed.