TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00489-CR







Jerold Gesmond, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0935418, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







PER CURIAM


 In January 1994, appellant pleaded guilty to solicitation of capital murder. The
district court found that the evidence substantiated appellant's guilt, deferred further proceedings
without adjudicating guilt, and placed appellant on community supervision. In July 1994, the
court revoked community supervision on the State's motion, adjudicated appellant guilty, and
assessed punishment at imprisonment for twenty years.

 Appellant's first point of error is that the evidence does not support the district
court's finding that he violated the conditions of supervision. This contention presents nothing
for review. No appeal may be taken from the determination to proceed to adjudication. 
Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (West Supp. 1995). After adjudication of guilt, all proceedings, including the
appeal, continue as if the adjudication of guilt had not been deferred. Art. 42.12, § 5(b). Point
of error one is overruled.

 In points of error two and three, appellant contends that by prohibiting an appeal
from the decision to proceed to adjudication of guilt, article 42.12, section 5(b) denies equal
protection of the law to defendants placed on deferred adjudication. U.S. Const. Amend. XIV;
Tex. Const. art. I, § 3. Although he cites the federal and state constitutions in separate points of
error, appellant groups these points for discussion and does not argue that the Texas and United
States constitutions differ in any relevant respect. 

 There is no state or federal constitutional right to appellate review of a criminal
conviction. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Thus, appellant could
not and does not contend that the right to appeal is a fundamental right. Appellant also does not
contend that persons granted deferred adjudication constitute a suspect class. Therefore, appellant
must demonstrate that the denial of an appeal from the decision to proceed to adjudication creates
a classification that is not rationally related to a legitimate state interest. Clark v. State, 665
S.W.2d 476, 481 (Tex. Crim. App. 1984). Alternatively stated, the challenged classification
violates the equal protection guarantee only if it rests on grounds wholly irrelevant to a valid state
objective. Id.

 The State has a legitimate interest in creating effective systems of community
supervision. Art. 42.12, § 1. To this end, the legislature has created a scheme of deferred
adjudication that is in many ways separate and distinct from "regular" community supervision. 
With certain restrictions, "regular" community supervision may be granted by the trial court or
by a jury; deferred adjudication may be granted only by the court. A defendant may be given
"regular" community supervision following a plea of not guilty; a defendant must plead guilty or
no contest to be eligible for deferred adjudication. Before being placed on "regular" community
supervision, a defendant is adjudged guilty and sentenced; a person on deferred adjudication
community supervision has been neither adjudged guilty nor sentenced. When "regular"
community supervision is revoked, the sentence originally assessed is imposed unless it is reduced
by the court; following the decision to proceed to adjudication of guilt, the court may assess any
sentence prescribed for the offense. Upon the defendant's successful completion of "regular"
community supervision, the trial court is not required to set aside the verdict of conviction; upon
the defendant's successful completion of deferred adjudication community supervision, the trial
court must dismiss the prosecution and the defendant emerges without a criminal conviction. 

 Obviously, the legislature balanced a number of interests and considerations in
fashioning the deferred adjudication alternative to "regular" community supervision. Given the
many differences between the two statutory schemes, it is difficult to accept appellant's contention
that a defendant on community supervision following deferred adjudication is, for equal protection
purposes, similarly situated to a defendant on "regular" community supervision. In any event,
the legislature has considerable leeway to enact legislation that may appear to affect similarly
situated persons differently. Clark, 665 S.W.2d at 480. We believe that the legislature could
rationally conclude that prohibiting an appeal from the decision to proceed to adjudication is
necessary to the proper functioning of the deferred adjudication system. Because article 42.12,
section 5(b) has not been shown to create a classification wholly irrelevant to a valid state
objective, appellant's contention that the statute denies defendants equal protection of the law is
overruled. In reaching this conclusion, we follow the lead of three other courts of appeals. 
Buchanan v. State, 881 S.W.2d 376, 380 (Tex. App.--Houston [14th Dist.] 1994, pet. granted);
Willis v. State, 856 S.W.2d 851, 852 (Tex. App.--Fort Worth 1993, no pet.); Keller v. State, 854
S.W.2d 224, 225 (Tex. App.--Beaumont 1993, pet. ref'd). Points of error two and three are
overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 8, 1995

Do Not Publish



 Art. 42.12, § 5(b). Point
of error one is overruled.

 In points of error two and three, appellant contends that by prohibiting an appeal
from the decision to proceed to adjudication of guilt, article 42.12, section 5(b) denies equal
protection of the law to defendants placed on deferred adjudication. U.S. Const. Amend. XIV;
Tex. Const. art. I, § 3. Although he cites the federal and state constitutions in separate points of
error, appellant groups these points for discussion and does not argue that the Texas and United
States constitutions differ in any relevant respect. 

 There is no state or federal constitutional right to appellate review of a criminal
conviction. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Thus, appellant could
not and does not contend that the right to appeal is a fundamental right. Appellant also does not
contend that persons granted deferred adjudication constitute a suspect class. Therefore, appellant
must demonstrate that the denial of an appeal from the decision to proceed to adjudication creates
a classification that is not rationally related to a legitimate state interest. Clark v. State, 665
S.W.2d 476, 481 (Tex. Crim. App. 1984). Alternatively stated, the challenged classification
violates the equal protection guarantee only if it rests on grounds wholly irrelevant to a valid state
objective. Id.

 The State has a legitimate interest in creating effective systems of community
supervision. Art. 42.12, § 1. To this end, the legislature has created a scheme of deferred
adjudication that is in many ways separate and distinct from "regular" community supervision. 
With certain restrictions, "regular" community supervision may be granted by the trial court or
by a jury; deferred adjudication may be granted only by the court. A defendant may be given
"regular" community supervision following a plea of not guilty; a defendant must plead guilty or
no contest to be eligible for deferred adjudication. Before being placed on "regular" community
supervision, a defendant is adjudged guilty and sentenced; a person on deferred adjudication
commu