**In the Matter of R.S.C., a Juvenile.**

**No. 08–96–00138–CV.**

Court of Appeals of Texas, El Paso.

Feb. 13, 1997.

Opinion Denying Rehearing March 13, 1997.

Eric L. Lindstrom, Midland, for Appellant.

Mark H. Dettman, County Attorney, Midland, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

McCLURE, Justice.

R.S.C., a juvenile, appeals from a judgment finding him to be a delinquent child and from a disposition order placing him on probation for a term of one year. We reverse and remand for a new trial.

## FACTUAL SUMMARY

The State filed a petition alleging that R.S.C. intentionally and knowingly carried an

illegal knife on his person in violation of Section 46.02 of the Texas Penal Code. R.S.C. filed a written motion to suppress the evidence based upon an illegal detention. At the conclusion of the suppression hearing, the trial court denied the motion. Subsequently, R.S.C. waived in writing his right to a jury trial as well as other rights and stipulated that he had committed the offense of unlawfully carrying a weapon as alleged by the State. Based upon that stipulation, the trial court found that R.S.C. had engaged in delinquent conduct and was in need of rehabilitation. The court placed R.S.C. on juvenile probation for one year.

In his sole point of error, R.S.C. asserts that the trial court erred in denying his motion to suppress evidence. Before addressing the merits of this issue, we must consider whether R.S.C.'s written stipulation of evidence admitted at his adjudication hearing waives his complaint regarding the trial court's denial of his motion to suppress. In reviewing this issue, we must decide whether to apply civil or criminal law.

Juvenile proceedings and appeals from those proceedings are governed by an unlikely and sometimes perplexing hybrid of civil and criminal law. An appeal from an order of a juvenile court is governed by the requirements pertaining to civil appeals generally. TEX.FAM.CODE ANN. § 56.01 (Vernon 1996).[1] Although juvenile delinquency proceedings are considered civil proceedings, they are quasi-criminal in nature. *In the Matter of J.R.,* 907 S.W.2d 107, 109 (Tex. App.—Austin 1995, no writ); *C.E.J. v. State,* 788 S.W.2d 849, 852 (Tex.App.—Dallas 1990, writ denied); *Smith v. Rankin,* 661 S.W.2d 152, 153 (Tex.App.—Houston [1st Dist.] 1983, orig. proceeding). The juvenile is guaranteed the constitutional rights an adult would have in a criminal proceeding because the juvenile delinquency proceedings seek to deprive the juvenile of his liberty. *J.R.,* 907 S.W.2d at 109; *C.E.J.,* 788 S.W.2d at 852; *Smith,* 661 S.W.2d at 153. For this reason, numerous aspects of juvenile proceedings are governed by criminal procedural rules, in-

1. This Court expressed its frustration with the problems often caused by applying civil appellate requirements to juvenile appeals in *Matter of* *M.B. v. State,* 894 S.W.2d 82, 85 (Tex.App.—El Paso 1995, no writ).

cluding the State's burden of proof, the presumption of innocence, the right to trial by jury, the privilege against self-incrimination, the right to confrontation of witnesses, and the right to representation by counsel. TEX. FAM.CODE ANN. § 54.03; *J.R.*, 907 S.W.2d at 109; *In the Matter of M.A.G.*, 541 S.W.2d 899, 901 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Other than these matters, civil procedural rules apply. TEX.FAM.CODE ANN. § 51.17(a) & (b).[2] Finally, evidentiary matters are governed by the Rules of Criminal Evidence and Chapter 38 of the Code of Criminal Procedure. TEX.FAM.CODE ANN. § 51.17. Of particular significance to this appeal, Section 54.03(e) provides that evidence illegally seized or obtained is inadmissible in an adjudication hearing. TEX.FAM. CODE ANN. § 54.03(e). Because criminal rules are to be applied to evidentiary matters, we conclude that criminal rules and authority also govern the waiver issue.

■ In order to preserve a complaint concerning the admission of evidence for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. TEX.R.APP.P. 52(a); TEX.R.CRIM. EVID. 103(a)(1); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.1991). It is settled that when a pretrial motion to suppress evidence is overruled, the accused need not subsequently object to the admission of the same evidence at trial in order to preserve error. *Dean v. State*, 749 S.W.2d 80, 83 (Tex.Crim.App.1988); *Traylor v. State*, 855 S.W.2d 25, 26 (Tex.App.—El Paso 1993, no pet.); *see* TEX.R.APP.P. 52(b). However, when the accused affirmatively asserts during trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. *Dean,*

749 S.W.2d at 83; *Traylor,* 855 S.W.2d at 26. A defendant may also waive a prior objection to evidence by offering the same evidence or evidence establishing the same facts at trial. *Narvaiz v. State,* 840 S.W.2d 415, 430 (Tex. Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993); *Maynard v. State,* 685 S.W.2d 60, 65 (Tex. Crim.App.1985); *Nicholas v. State,* 502 S.W.2d 169, 174–75 (Tex.Crim.App.1973). This principle is known as the doctrine of curative admissibility.

■ Here, R.S.C. waived his right to remain silent and his right to confront witnesses and stipulated in writing that he had intentionally and knowingly carried an illegal knife on his person in violation of Section 46.02 of the Penal Code. He also agreed to the introduction of the written waivers and stipulation at the adjudication hearing. Furthermore, he stated that he had "no objection" to the court's consideration of a social history which reflected that R.S.C. had a dagger in his possession. In so doing, he waived his prior objection to the admissibility of the knife.

■ Ordinarily, this would end our consideration of this point of error. We question, however, whether we may apply the above rules of waiver since R.S.C., with the advice of his attorney, waived valuable constitutional rights and entered into the stipulation with the express understanding and assurance of the trial court that he could appeal the ruling on the motion to suppress. Section 51.17 of the Family Code requires that a waiver by the juvenile of his constitutional and statutory rights be voluntary. TEX.FAM.CODE ANN. § 51.09(a)(3). We hold that R.S.C.'s waiver of rights and stipulation of evidence is involuntary because it was based upon the mistaken understanding that he could appeal the denial of the motion to suppress despite his waiver of rights and

2. Section 51.17 of the Texas Family Code provides:

    (a) Except for the burden of proof to be borne by the state in adjudicating a child to be delinquent or in need of supervision under Section 54.03(f) or otherwise when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title.

    (b) Discovery in a proceeding under this title is governed by the Code of Criminal Procedure and by case decisions in criminal cases.
    (c) Except as otherwise provided by this title, the Texas Rules of Criminal Evidence and Chapter 38, Code of Criminal Procedure, apply in a judicial proceeding under this title.

stipulation of evidence.[3] We further find that the appropriate remedy in this case is reversal rather than consideration of the point of error on the merits. Accordingly, the judgment of the trial court is reversed and this cause is remanded for a new trial.

### OPINION ON MOTION FOR REHEARING

R.S.C., a juvenile, has filed a motion for rehearing following the issuance of a published opinion reversing a judgment finding him to be a delinquent child based upon his possession of an illegal knife and a disposition order placing him on probation for a term of one year. *In the Matter of R.S.C.*, No. 08–96–00138–CV (Tex.App.—El Paso February 13, 1997) (not yet published). He asks that we grant the motion for rehearing and reach the merits of his appeal rather than reversing the case on other grounds. The motion for rehearing is overruled.

In our original opinion, we held that R.S.C. had waived any error in the trial court's denial of a pretrial motion to suppress by, at the adjudication hearing, expressly agreeing to the introduction of a written stipulation of evidence that he had committed the offense of unlawfully carrying a weapon as alleged by the State, and by stating that he had "no objection" to the court's consideration of a social history which reflected that R.S.C. had a dagger in his possession. *R.S.C.*, slip op. at 3–4 (applying waiver principles including doctrine of curative admissibility). Analogizing the uncontested adjudication hearing conducted in this case to a negotiated guilty plea, R.S.C. challenges our application of these well-established waiver principles to this case.

The primary rationale R.S.C. urges for suspending the waiver rules applied in this case is that an adult criminal defendant is permitted, due to considerations of judicial economy, to appeal pretrial rulings despite his entry of a negotiated guilty plea. Drawing an analogy between his "plea of true" and a negotiated guilty plea, he argues that similar considerations of judicial economy justify application of the same rule in juvenile cases. He further contends that it is unfair to deny him the right to appeal under similar circumstances. We disagree with several aspects of R.S.C.'s argument.

We disagree with R.S.C. that our decision will have the effect of requiring juveniles to always put the State to a full-scale trial on the merits in order to avoid waiving error in the court's ruling on pretrial motions. Our opinion does not purport to create an absolute rule that a plea of true and supporting stipulation of evidence waives all prior error in a juvenile case.[1] It should be understood that our holding is limited to the specific facts of this case wherein R.S.C. stipulated and agreed to the introduction of the very same evidence he sought to have suppressed, and that stipulated evidence was utilized by the juvenile court to support its finding that R.S.C. had engaged in delinquent conduct. There may well be cases in which a juvenile's stipulation of evidence at the adjudication hearing would not constitute a waiver of a particular pretrial motion. Therefore, whether waiver has occurred must be decided on a case-by-case basis.

R.S.C. also argues that the waiver principles should not apply to an uncontested adjudication hearing because these principles are not applied to guilty pleas. R.S.C. is correct that the waiver principles applied here are

3. Our holding is consistent with the rule applied to non-negotiated guilty pleas. If an open plea is entered on the mistaken understanding that the merits of a pretrial motion may be raised on appeal, the plea is not knowingly and voluntarily entered. *Christal v. State*, 692 S.W.2d 656, 659 (Tex.Crim.App.1985) (op. on reh'g). No specific assignment of error is required where the record shows that an impermissible conditional plea of guilty has been entered. *Christal*, 692 S.W.2d at 656 n. 2; *Crawford v. State*, 624 S.W.2d 906, 909 (Tex.Crim.App.1981); *Lynch v. State*, 903 S.W.2d 115, 119 n. 3 (Tex.App.—Fort Worth 1995, no pet.); *Davila v. State*, 767 S.W.2d 205, 206 (Tex.

App.—Corpus Christi 1989, no pet.); *Wise v. State*, 857 S.W.2d 813, 814 (Tex.App.—Houston [14th Dist.] 1993, no pet.).

1. In criminal cases, a non-negotiated guilty plea is conclusive as to the defendant's guilt and waives all nonjurisdictional defects, including claimed deprivation of federal due process, occurring prior to the guilty plea. *Lewis v. State*, 911 S.W.2d 1, 4–5 (Tex.Crim.App.1995); *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App. 1972). This rule has never been applied in a reported juvenile case.

typically applied in contested hearings or trials. *Of course, these rules are not applied in guilty pleas because other rules operate to either waive all error in the case of an open plea of guilty (the *Helms* rule), or to expressly permit appeal in limited circumstances in the case of a plea-bargained conviction. TEX. R.APP.P. 40(b)(1). R.S.C. does not cite and we are unaware of any case law or statutory authority prohibiting their application to an uncontested adjudication proceeding. In support of our conclusion that these waiver principles should apply in this case, we note that the Texas Family Code draws no distinction between contested and uncontested adjudication hearings. An adjudication hearing must be held in accordance with the provisions of Section 54.03 before a child may be found to have engaged in delinquent conduct or conduct indicating a need for supervision. TEX.FAM.CODE ANN. § 54.03(a) (Vernon 1996). Further, a finding that a child has engaged in delinquent conduct or conduct indicating a need for supervision must be supported by competent evidence admitted at the adjudication hearing. TEX.CODE CRIM. PROC.ANN. art. 54.03(f) (Vernon 1996). Finding no distinction between contested and uncontested adjudication hearings that would preclude application of the waiver principles, we reject this argument.

We also take issue with R.S.C.'s comparison of his case, which he characterizes as a "negotiated plea of true," with a negotiated guilty plea. We have reviewed the statement of facts from the adjudication and disposition hearings, the exhibits admitted at those hearings, and the clerk's transcript, including the judgment rendered by the juvenile court. Although R.S.C. waived his rights and stipulated to the facts alleged in the State's petition, there is no evidence that he did so pursuant to an agreement with the State. Likewise, there is no evidence that the State recommended that R.S.C. be placed on juvenile probation as part of some agreement. Although a juvenile probation officer testified on behalf of the State at the disposition hearing and recommended that R.S.C. be placed on probation, the trial court did not ask for the State's recommendation and the prosecutor did not make one at the disposition hearing. Consequently, we will not characterize this case as a negotiated plea of true.

Even if the record supported R.S.C.'s claim that he entered a negotiated plea of true, he still could not take advantage of the rules which permit an adult defendant to appeal pretrial matters in the case of a plea-bargained conviction. To the extent R.S.C. suggests that he has a constitutional right to appeal, he is incorrect. A party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App.1992); *Eaden v. State*, 901 S.W.2d 535, 536 (Tex.App.—El Paso 1995, no pet.). The United States or Texas Constitution does not require a state to establish appellate courts or provide defendants the right to review their criminal convictions. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *Eaden*, 901 S.W.2d at 536. Rather, the right to an appeal is purely a statutory right within the discretion of the Texas Legislature. *Rosales v. State*, 748 S.W.2d 451, 454 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988); *Willis v. State*, 856 S.W.2d 851, 852 (Tex.App.—Fort Worth 1993, no pet.). Thus, a state may limit or even deny the right to appeal a criminal conviction. *Phynes*, 828 S.W.2d at 2; *Eaden*, 901 S.W.2d at 536.

Similarly, the juvenile justice system is a creature of statute. *In the Matter of S.L.L.*, 906 S.W.2d 190, 192 (Tex.App.—Austin 1995, no writ). Juvenile rights not protected by the Texas and United States Constitutions exist only to the extent they have been created by the Legislature. *S.L.L.*, 906 S.W.2d at 192. The Legislature has provided that a juvenile has a right to appeal from certain orders entered by the juvenile court, but it has made no provision expressly permitting an appeal of pretrial matters following an uncontested adjudication hearing. TEX.FAM.CODE ANN. § 56.01(c) & (d)(1).

An adult defendant is permitted, pursuant to TEX.R.APP.P. 40(b)(1), to appeal a ruling on a pretrial motion to suppress following the entry of a negotiated guilty plea. *See Lyon v. State*, 872 S.W.2d 732, 734–35 (Tex.Crim. App.1994) [discussion of *Helms* rule, 1977 amendment of TEX.CODE CRIM.PROC.ANN. art.

44.02 (Vernon 1979) in order to encourage guilty pleas and thereby conserve judicial resources and avoid "windy" appeals, and adoption of Rule 40(b)(1) by Court of Criminal Appeals]. However, the *Helms* rule, Article 44.02, and Rule 40(b)(1) do not apply to juvenile proceedings, and for that reason, we intentionally made no reference to them in our prior opinion.

We decline Appellant's invitation to judicially create a rule like Rule 40(b)(1) which would allow him to appeal the court's pretrial ruling despite his stipulation of evidence and resulting waiver. Although the Legislature has chosen, through its 1977 amendment of Article 44.02, to permit an adult defendant to appeal pretrial matters following the entry of a negotiated plea of guilty, it has not given a juvenile the same ability. While we may not agree with the Legislature's decision in this matter, we are not at liberty to create a rule of procedure to govern this case. *See S.L.L.*, 906 S.W.2d at 193 (juvenile does not have right to withdraw plea when determinate sentencing recommendation not followed by juvenile court; although adult defendants enjoy right to withdraw plea of guilty or nolo contendere when a sentencing recommendation is not followed by the trial court, an appellate court is not free to create rule which would give same benefit to juvenile). Therefore, we adhere to our decision to apply traditional rules of waiver to the complaint raised on appeal. The motion for rehearing is overruled.