No. 04-98-00014-CR



Ollie CHRISTMAN, III,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 94-CR-5826-W


Honorable Raymond Angelini, Judge Presiding



Per Curiam Opinion


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: August 19, 1998


DISMISSED FOR LACK OF JURISDICTION


 Ollie Christman pled no contest to aggravated assault and the court deferred his
adjudication for ten years. Subsequently, Christman was charged with violating certain terms
of his probation, he was adjudicated on the State's motion and he was sentenced to eight
years in prison. In five points of error, Christman asserts the judgment violated collateral
estoppel and double jeopardy, and was unsupported by the evidence.

 Because this appeal arises from the trial court's decision to adjudicate the defendant
guilty after the defendant's adjudication was deferred, we must dismiss for lack of
jurisdiction. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 1998); Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Prohibited appeals include appeals based
on constitutional issues such as double jeopardy. See Willis v. State 856 S.W.2d 851 (Tex.
App.--Fort Worth 1993, no pet.). Prohibiting such appeals does not violate the due process
requirements of the federal or state constitutions as the federal constitution does not require
a state to maintain an appellate system, and the Texas appellate process is statutorily, not
constitutionally, based. Phynes 828 S.W.2d at 2.(1) We dismiss this appeal for lack of
jurisdiction. PER CURIAM

DO NOT PUBLISH

1. Further, even if we had jurisdiction to consider appellant's contentions that the state's actions implicated the
legal doctrines of collateral estoppel and double jeopardy, these arguments are without merit. See Chambers v. State,
700 S.W.2d 597, 599 (Tex. Crim. App. 1985); Russell v. State, 551 S.W.2d 710, 714 (Tex. Crim. App. 1977).