**In the Matter of S.F., a Juvenile.**

No. 04–98–00806–CV.

Court of Appeals of Texas, San Antonio.

June 23, 1999.

Michael D. Robbins, San Antonio, for appellant.

Enrico B. Valdez, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

This case illustrates the need for legislative action to establish a procedure for appealing a suppression point in a juvenile case in the same manner in which it is allowed in an adult criminal case. A criminal defendant may enter into a plea bargain and stipulate to the introduction of evidence without waiving his right to appeal a trial court's pre-trial ruling on a written motion to suppress. *See* Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 1979); Tex.R.App. P. 25.2(b)(3). This promotes judicial economy by eliminating the need for the State to prove facts that the defendant is willing to stipulate to provided that no appellate rights are lost with regard to the suppression point. Unfortunately, no corresponding statute exists for juvenile cases.

The absence of such a statute for juveniles leaves appellate courts with the unenviable and inefficient task of deciding on a case-by-case basis whether a juvenile has waived his suppression point by stipulating to evidence and pleading true based on that evidence. As the El Paso court said in *In re R.S.C.*, 940 S.W.2d 750, 753 (Tex. App.—El Paso 1997, no writ): "There may well be cases in which a juvenile's stipulation of evidence at the adjudication hearing would not constitute a waiver of a particular pretrial motion. Therefore, whether waiver has occurred must be decided on a case-by-case basis."

The instant case is not difficult. It is clear by the record, and both parties agree, that there was no intentional waiver of the suppression point. At the time of the plea hearing, the juvenile, the State, and the trial court all erroneously believed that the suppression point was preserved for appellate review even with the stipulation of evidence and plea of true. It is this erroneous belief that made S.F.'s plea involuntary. For this reason, both S.F. and the State agree that this case must be reversed and remanded. We concur with this agreement for the reasons expressed in this opinion.

### PROCEDURAL HISTORY

In the State's original petition, the State alleged that S.F. engaged in delinquent conduct by knowingly and intentionally possessing cocaine. S.F. filed a motion to suppress alleging he was illegally detained; however, the trial court denied the motion after a hearing. No written order was entered by the trial court.

At the adjudication hearing, the State offered S.F.'s written waiver and consent to stipulation of testimony. The police report and lab analysis reports were attached to the waiver. The trial court asked defense counsel if he had any objections to the introduction of the evidence, and defense counsel responded that he did not. S.F. then pled guilty or true to the charges in accordance with a plea bargain agreement. The provision for the waiver of appeal on the written plea bargain form was initially checked, but was later crossed out. At the conclusion of the disposition hearing, the following exchange occurred:

MR. COSGROVE: [S.F.] has indicated to me and I concur in his decision that he does wish to appeal the Court's decision on the motion to suppress and I will be filing a notice of appeal. However, I am not an appellate lawyer and he will be needing an appointment of the appellate lawyer.

THE COURT: All right. I am instructing you to continue his representation until a lawyer is appointed to represent him on the appeal.

MR. COSGROVE: Yes, sir.

THE COURT: Obviously you have the right to appeal the motion to suppress. And if you cannot afford a lawyer one will be appointed to represent you.

### DISCUSSION

S.F. now contends his plea of true was involuntary based on the three-way mis-

taken belief at the trial court level that his suppression point would be appealable. The State confesses error. We agree.

This case is factually similar to *In re R.S.C.*, 940 S.W.2d at 750. In that case, R.S.C. was charged with carrying an illegal knife. *Id.* at 751. After the trial court denied his motion to suppress, R.S.C. stipulated that he committed the offense. *Id.* The trial court held that R.S.C.'s stipulation waived any complaint that he might raise with regard to the trial court's ruling on the motion to suppress; however, since R.S.C. entered into the stipulation with the mistaken belief that he could appeal the denial of his motion to suppress, the El Paso court held that the stipulation was involuntary. *Id.* at 752.

 The same reasoning applies in the instant case. S.F. stipulated and agreed to the introduction of the very same evidence he sought to have suppressed, and that stipulated evidence was utilized by the trial court to support its delinquency finding. *See id.* at 753. As a result, S.F. waived his prior objection to the admissibility of the evidence. *See id.* at 752; *see also Reasoner v. State*, 463 S.W.2d 55, 58–59 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). However, since S.F. agreed to the stipulation and plea with the understanding that he could appeal the trial court's ruling on the motion to suppress, his plea was involuntary. *See id.*

### CONCLUSION

It is obvious in reviewing this case that S.F. did not intend to waive his suppression point on appeal. No one argues otherwise. It is tempting to hold, as the dissent urges, that S.F. did not waive his suppression point and that he also has presented the merits of the suppression point for our review. The practical advantages of doing this, however, are overcome by two limitations on this court's own authority. One, no statute exists similar to article 44.02 and rule 25.2(b)(3) that permits a juvenile to appeal a pre-trial sup-

pression ruling under these circumstances; and, two, even if we had statutory or common law authority to treat a juvenile case like an adult criminal case, the substance of the suppression point was not raised in S.F.'s brief. If we followed the dissent's recommendation, we would not only trespass into addressing an issue we have no specific authority to address, but we would further enmesh ourselves by groping into the murky netherworld of unassigned error. This we refuse to do. Sometimes, even in the interests of judicial economy, it is best just to start over. This is one of those times. We reverse the trial court's judgment, and remand the cause for further proceedings consistent with this opinion.

Dissenting Opinion by: SARAH B. DUNCAN, Justice, joined by Justice ANGELINI.

S.F. preserved his right to appeal the trial court's suppression ruling by timely filing a motion specifying his complaint and obtaining a ruling on his motion on the record. *See* TEX. R. APP. P. 33.1(a). Therefore, unlike the majority, I would not hold S.F.'s guilty plea was rendered involuntary by an erroneous belief that he could appeal the suppression ruling or, on that basis, reverse the trial court's judgment and remand the cause for further proceedings. Nor would I reverse on unassigned error, as the majority claims. Rather, in the interest of justice and as expressly permitted by our rules of procedure, I would afford S.F. an opportunity to file a supplemental brief addressing the merits of the suppression ruling *See* TEX. R. APP.P. 38.7, 38.9(b). I therefore respectfully dissent from the majority's judgment reversing the trial court's judgment and remanding the cause for further proceedings.

S.F.'s brief assumes, and the majority holds, S.F. waived his right to appeal the trial court's suppression ruling because he entered a negotiated guilty plea and then stipulated to the evidence against him and the Texas Family Code does not expressly

permit a juvenile defendant to appeal under these circumstances. In reaching this conclusion, both S.F. and the majority rely upon the only opinion to address the issue—*In re R.S.C.*, 940 S.W.2d 750, 753 (Tex.App.—El Paso 1997, no writ). I disagree with this holding. This court has the power to hold S.F. did not waive appellate review of the trial court's suppression ruling, and it should do so for reasons of fairness and judicial economy.

S.F. signed a "Written Waiver and Consent to Stipulation of Testimony"; a "Jury Waiver"; a "Court's Admonishments and Respondent's Waiver and Affidavit of Admonitions," which included a paragraph explaining "Plea Bargaining"; and a "Plea Bargain," in which S.F. "agree[d], that in exchange for [his] agreement to plead true, to allow the State to prove its case by means of written stipulations," the State would recommend probation. In addition, the trial judge signed an "Order Approving Plea and Jury Waiver" and expressly stated on the record S.F. "[has] the right to appeal the motion to suppress" and to the appointment of appellate counsel. Given these circumstances, if this were a criminal case, S.F. would be entitled to appeal the merits of the trial court's ruling on his motion to suppress after he stipulated to the evidence against him. *See Statman v. State*, 740 S.W.2d 464, 466 (Tex.Crim.App.1987); Tex.R.App. P. 25.2(b)(3). But this is not a criminal case. Rather, this is a quasi-criminal juvenile case, and the majority holds S.F. waived his right to appeal the suppression ruling because the Texas Family Code—unlike *Statman* and Rule 25.2(b)(3)—does not expressly permit a juvenile to appeal the trial court's suppression ruling after he enters a negotiated guilty plea and stipulates to the evidence against him. I disagree with this reasoning and the holding to which it leads.

The limited right to appeal established in Rule 25.2(b)(3) and its predecessor, Rule 40(b)(1), derives from article 44.02 of the Texas Code of Criminal Procedure. *Flow-*

*ers v. State*, 935 S.W.2d 131, 132 (Tex. Crim.App.1996). Article 44.02 permitted a defendant to appeal certain pretrial rulings (like suppression rulings) after he pleaded guilty and stipulated to the evidence against him. *See id.* Article 44.02 was made necessary by, and was enacted to reverse in part, the judicially-created rule of waiver established in *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972). *See Flowers*, 935 S.W.2d at 132. Under *Helms*, a defendant who knowingly and voluntarily pleaded guilty and then stipulated to the evidence against him waived "all nonjurisdictional defects that occurred prior to the entry of the guilty plea." *Id.*

There is no equivalent of *Helms* in civil law generally or in juvenile law in particular. Consequently, there is no need for a civil or juvenile equivalent of Rule 25.2(b)(3). Rather, we must determine whether S.F. waived his right to appeal the trial court's suppression ruling by reference to the rules of procedure generally, as well as the common law. *Cf. In re C.O.S.*, 988 S.W.2d 760, 765 (Tex.1999) (Texas Rules of Appellate Procedure apply in juvenile cases, although they are "general rules[ ] and cannot be applied across the board in juvenile proceedings"). As a general rule, in civil cases, error may be preserved by timely filing a motion specifying the complaint and obtaining a ruling on the record. Tex.R.App. P. 33.1(a). Both requirements were met by S.F.: He filed a motion to suppress and obtained a ruling on his motion on the record. No more is required.

Because S.F. preserved his right to appeal the merits of the trial court's suppression ruling, I would not hold his plea was involuntary, as the majority does, nor would I, on that basis, reverse the trial court's judgment and remand the cause for further proceedings. But I also would not hold S.F. waived the merits of the suppression ruling and, on that basis, affirm the trial court's judgment. S.F.'s reliance on *R.S.C.*—the only case to address this issue—was both rational and reasonable.

Therefore, in the interest of justice, I would afford him an opportunity to brief the merits of the trial court's suppression ruling. It is this course of action the majority characterizes as "groping into the murky netherworld of unassigned error." *In re S.F.*, 2 S.W.3d 389 (Tex.App.—San Antonio 1999). I again disagree. The course of action I advocate would not reverse on unassigned error; it would simply afford S.F. an opportunity to assign error to the trial court's suppression ruling. To afford this opportunity to S.F. is consistent with the rules and the policies that underlie them. *See* Tex.R.App. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."); Tex. R.App. P. 38.9(b) ("If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case."); *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex.1997). I therefore respectfully dissent.