COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )              No.  08-02-00476-CV

                                                                              )

                                                                              )                 Appeal from the

                                                                              )

IN THE MATTER OF C.R.R.E., A
Juvenile          )                65th District
Court

                                                                              )

                                                                              )          
of El Paso County, Texas

                                                                              )

                                                                              )                   (TC# 0201180)

                                                                              )

 

 

MEMORANDUM  OPINION

 

C.R.R.E., a
juvenile, appeals from a disposition order committing him to the Texas Youth
Commission.  On appeal, Appellant raises
three issues:  (1) whether his plea was
involuntary; (2) whether the trial court erroneously denied his motion to
withdraw plea of true and to suspend commitment to the Texas Youth Commission
because of Appellant=s
involuntary plea of true; and (3) whether his Fifth Amendment right to remain
silent was violated when during a 

pre-disposition
report, incriminating statements were obtained and the report was introduced at
the disposition hearing.  We affirm. 








Appellant, a
juvenile, is a Mexican national illegally in the U.S.  At the adjudication hearing held on September
6, 2002, Appellant waived his rights to a hearing before a juvenile court judge
and to a jury trial, and agreed to a trial before the juvenile court referee.  He was adjudicated for engaging in delinquent
behavior of the felony offense of possession of a usable quantity of marijuana
in the amount of fifty pounds or less but more than five pounds, in violation
of the Texas Health & Safety Code '
481.121(b)(4), as alleged in the State=s
Second Amended Petition Based on Delinquent Conduct.  Appellant pled true to the offense and signed
a AWaiver, Stipulation and Admission@ form. 
The court accepted Appellant=s
plea and found that he had engaged in delinquent conduct.  A disposition hearing was scheduled for
September 20, 2002.

At the disposition
hearing, Manuel Torres, Jr., a juvenile probation officer with the Juvenile
Probation Department, testified that he had prepared a pre-disposition report
for the hearing.  Mr. Torres stated that
he had interviewed Appellant=s
parents and they told him that Appellant was rebellious and would sometimes
leave home or come home late at night. 
If they scolded him, Appellant would just argue with his father.  Appellant=s
parents indicated to Mr. Torres that they would prefer to have the
juvenile at home if at all possible.  Mr.
Torres testified that since Appellant had committed a felony, sending him back
home was not a possibility because the Mexican National Children=s Program was only for juveniles who
had committed misdemeanors.  He stated
that the only option in this case was to have Appellant committed to the Texas
Youth Commission.  








Rosa Maria
Aguirre, coordinator for the Mexican Young Violators, was also called as a
witness at the hearing.  Ms. Aguirre
testified that she had spoken to Appellant=s
parents before he entered his plea of true. 
The parents had expressed concerns with Appellant=s
rebellious behavior.  Ms. Aguirre
testified that at the present time, there was no program available which would
allow Appellant to be transferred to Ciudad Juarez.  It was also her opinion that Appellant=s parents would be unable to provide
the necessary supervision required to be admitted into the Mexican National
Children=s
Program.  

Appellant=s parents, Mario Ruiz Esparza Rodriguez
and Emilia Trujillo Briones
also testified at the disposition hearing. 
Both of their testimonies indicated that Appellant=s behavioral problems were exaggerated
by Mr. Torres=s
testimony.  They also indicated that they
had been told by Mr. Torres and Ms. Aguirre that their son would have two
options:  probation, or sending him to a
state school, a type of jail and rehabilitation center.  The father testified that a decision had not
been reached as to where Appellant would be placed.  The mother asked the judge to allow Appellant
to go back home with the family.   

At the end of the
disposition hearing, the court referee ordered Appellant to be committed to the
Texas Youth Commission.  








On October 7,
2002, Appellant filed a motion to withdraw the plea of true and to suspend
commitment to the Texas Youth Commission. 
The motion stated that Appellant=s
plea was involuntary because Appellant=s
parents were told that if their child entered a plea of true, the court could
either:  (1) place Appellant on probation
until his 18th birthday by placing him with the Mexican National Children=s Program in Mexico; or (2) Appellant
could be committed to the Texas Youth Commission until his 21st birthday.  It was alleged that based on these
representations, Appellant entered a plea of true.  It was not until the disposition hearing that
Appellant and his attorney discovered that the only option was commitment to
the Texas Youth Commission.  Since the
alleged deception was not discovered until the day of the disposition hearing
when Appellant=s
attorney received the pre-disposition report prepared by Mr. Torres, it is
alleged that Appellant=s
plea of true was involuntary.  The court
denied Appellant=s motion to
withdraw the plea on October 25, 2002.  

On October 9,
2002, Appellant filed a motion for new trial. 
The motion stated that Appellant and his parents were told that he could
be placed with the Mexican National Children=s
Program, an option not mentioned in the pre-disposition report.  The motion also alleged that the requirements
of Tex.Fam.Code Ann. '
54.04(n)(2)(B) and (C) were not complied with because (1) the causes of the Juvenile=s behavior were not properly brought
before the Referee, and (2) dispositions other than placement in a secure
detention facility had been exhausted or were clearly inappropriate.  Appellant=s
motion was apparently overruled by operation of law.  Appellant now brings this appeal.

DISCUSSION

Issues One and Two
are related in that both address the issue of Appellant=s
plea of true.  In Issue One, Appellant
asserts that his plea was involuntary because he had been led to believe that
he was eligible for the Mexican National Children=s
Program and would not have pled true but for that belief.  In Issue Two, Appellant argues that the
juvenile court erred when he denied Appellant=s
motion to withdraw plea of true and to suspend commitment to the Texas Youth
Commission in that Appellant=s
plea of true was not voluntary.








The
contention that Appellant did not have a full understanding of the proceedings
and of the possible consequences of a finding of delinquent conduct is not
supported by the record. 
Appellant claims the adjudication hearing should have been postponed due
to the confusion caused by change of attorneys and the fact that Appellant did
not fully understand the AWaiver,
Stipulation and Admission@
form.  Although it is true that Appellant
had a different attorney than the one who represented him in this matter, this
did not affect Appellant=s
ability to understand the allegation against him and the consequences of a plea
of true.  During the adjudication
hearing, the court asked Appellant if he had a chance to discuss the allegation
against him with his attorney.  Appellant=s first response was no and then he went
on to explain to the court that he had another attorney appointed to him that
was not the one representing him at the hearing.   However, both attorneys were from the El
Paso County Public Defender=s
office.  Before accepting his plea, the
court also established Appellant had discussed the allegations with his
previous attorney and that he fully understood the allegations made against
him.  Based on these acts found in the
record, we believe that Appellant did not suffer confusion as a result of the
change in attorneys appointed to represent him in this case.

There is no
dispute as to whether Appellant was properly admonished as required by the Tex.Fam.Code Ann. '54.03(b)(Vernon Supp. 2004). 
Appellant also signed a AWaiver,
Stipulation and Admission@
form indicating that he understood the consequences of his plea of true and
further, that he entered it knowingly and voluntarily.  The court asked Appellant if he had gone over
this form with his attorney before it was signed.  Appellant first answered no, but his attorney
clarified that the interpreter had explained to him the contents of the form
and that he was present while this was being done.  Appellant then stated that he had not
reviewed the form in its entirety, so the court allowed a short recess for
Appellant and his attorney to go over the form. 
After the recess, Appellant stated that he had
fully understood the entire form and that he was neither forced to sign nor
promised anything in return for signing the form.








Nothing in the
record supports Appellant=s
theory that he did not understand the consequences of his plea and that he only
entered his plea because of the possibility of being placed in the Mexican
National Children=s
Program.  Appellant specifically stated
to the court that he was pleading true because the allegations were true and
for no other reason.  We find that the
record shows that Appellant was properly admonished,
and that he was aware and understood the consequences of entering a plea of
true.  We find that Appellant=s plea of true was entered voluntarily
and knowingly.  We therefore overrule
Issue One.

The trial court=s decision regarding the denial of a
motion to withdraw a plea is governed by an abuse of discretion standard.  In the Matter of
E.J.G.P., 5 S.W.3d 868, 873 (Tex.App.--El Paso
1999, no pet.).  The trial court
abuses its discretion if it acts without reference to any guiding rules or
principles.  In the
Matter of C.J.H., 79 S.W.3d 698, 702 (Tex.App.--Fort
Worth 2002, no pet.).  Stated
another way, we look to see if the court acted in an arbitrary or unreasonable
manner.  Id.  The mere fact that a trial judge may decide a
matter within his discretionary authority in a different manner than an
appellate judge in a similar circumstance does not demonstrate an abuse of
discretion has occurred.  In the Matter of L.R., 67 S.W.3d 332, 339 (Tex.App.--El Paso 2001, no pet.).  








Appellant argues
that his plea of true was involuntary because of his mistaken belief that he
had another option besides being committed to the Texas Youth Commission, which
was a belief that had been formed due to the deception of the Juvenile
Probation Department.  In support of this
claim, Appellant attempts to analogize the matter at hand with the case, In
the Matter of R.S.C., 940 S.W.2d 750, 752 (Tex.App.--El
Paso 1997, no writ).  In that case, the
juvenile waived his rights and stipulated that he had committed the offense of
unlawfully carrying a weapon.  Id. at 751. 
The juvenile on appeal challenged the denial of a motion to suppress
evidence.  Id.  This Court recognized that in light of the
juvenile=s
waivers, stipulations, and failure to object, the consideration of the issue
would end.  Id.
at 752.  However, this Court went
on to hold that R.S.C.=s
waiver of his rights and stipulation of evidence was involuntary because it was
based upon the mistaken understanding that he could appeal the denial of his
motion to suppress despite his waiver of rights and stipulation of
evidence.  R.S.C., 940 S.W.2d  at
752-53.  This Court also stated that its
holding was limited to the specific facts in that case.  Id. 
at 753. 
The case before the Court in this matter can be distinguished in that
Appellant was not given any assurances by the trial court as was the case in R.S.C.[1]  It is apparent from the record that Appellant
entered a plea of true voluntarily out of his own free will, without any
assurances or promises by the trial court or anyone else.  Based on our review of the record, we find
that Appellant has not made a showing that the trial court abused its
discretion in denying the motion to withdraw the plea of true.  We overrule Issue Two.








In his third
issue, Appellant alleges that his Fifth Amendment right to remain silent was
violated as a result of an incriminating statement obtained during a
pre-disposition report interview during which his rights were not read to him, and by the trial court=s
consideration of the report during the disposition hearing.  Tex.R.App.P.
33.1 requires a party to present to the trial court a timely request,
objection, or motion, stating the grounds for the ruling desired with
sufficient specificity, unless the specific grounds were apparent from the
context.  During the disposition hearing,
the State asked to introduce the pre-disposition report as Exhibit One and
Appellant=s counsel
objected on the grounds that there were inaccuracies regarding statements that
were made by the parents to Mr. Torres and Ms. Aguirre.  According to Appellant=s
counsel, the report contained comments and wishes of the parents that were
never expressed by the parents.  Counsel
stated that until he had the opportunity to cross-examine Mr. Torres and
Ms. Aguirre, he would object to the admission of the report.  He also stated that he may want to have part
of the report redacted.  The court held
off its decision until counsel had a chance to cross-examine the witness but
allowed the State to make reference to the report, to which Appellant=s counsel did not object.  Appellant=s
counsel did not state that his objection to the pre-disposition report was based
on a violation of the juvenile=s
Fifth Amendment rights.  Counsel also did
not object to any of the questions and testimony provided by Mr. Torres and Ms.
Aguirre.  After the testimony given by
Mr. Torres and Ms. Aguirre, corrections regarding Appellant=s parents wishes as to having him
detained rather than placed with the Texas Youth Commission were made to the
pre-disposition report.  The report was
then admitted without any objection by Appellant=s
counsel.  Accordingly, we find that
Appellant has not preserved this complaint for our review.  See Tex.R.App.P. 33.1 


However, even if
we believed that Appellant had properly preserved this issue, we would conclude
that Appellant=s Fifth
Amendment rights were not violated. 
Appellant relies on the opinion of this Court in the case of In the
Matter of J.S.S., 20 S.W.3d 837, 839-40 (Tex.App.--El Paso
2000, pet. denied), for the position that the Fifth Amendment privilege against









self-incrimination
applies to a pre-disposition report. 
However, our holding in that case did not reach such a broad
finding.  In that case, the juvenile=s probation officer exceeded the
neutral purposes of the pre-disposition interview and not only questioned him
about the act he had committed but also about two other extraneous
offenses.  J.S.S., 20 S.W.3d at 840. The probation officer then testified to
these acts and used them to support his recommendation to commit J.S.S. to
commitment to the Texas Youth Commission. 
Id. at 846.  This Court held that under the specific facts
of the case before it, the appellant should of been
warned of his rights and informed that his statements could be used against him
during the disposition hearing.  J.S.S.,
20 S.W.3d at 846. 
However, the Court added the following footnote to this statement where
it stated that:

Our opinion should not be read as
holding that the Fifth Amendment applies to all pre-disposition interviews
because of the facts in a given case may show that the interview served more
neutral purposes, and therefore, did not implicate the juvenile=s Fifth Amendment rights.  Rather than focusing on the type of
proceeding involved, we believe the better approach is to examine the nature of
the statement or admission and the exposure which it invites.

 

Id. at 846
n.7.

In this case, the
pre-disposition report did not include information regarding the juvenile=s admission that he had previously
smuggled drugs into the U.S..  The record indicates that Mr. Torres
never asked Appellant about any extraneous offenses.  Mr. Torres testified that Appellant had
himself indicated that there were two prior occasions in which he smuggled
drugs into the U.S., but that this information was not included in the
pre-disposition report.  It also appears
the Appellant mentioned these two prior incidents to the doctor who conducted
his psychological evaluation, since the psychological evaluation report
indicated that Appellant had admitted to successfully smuggling drugs two times
prior to his arrest.  Thus, the facts in
this case are distinguishable from J.S.S.  There is nothing in the record to suggest
that Appellant=s Fifth
Amendment rights were violated.  And the
record indicates that the trial court reached its decision without taking into
account those prior acts.  We therefore
overrule Issue Three.

We affirm the
trial court=s
judgment.  

 

February 5, 2004

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.











[1]
R.S.C. was given assurances by the trial court that he could appeal the ruling
on the motion to suppress.  R.S.C.,
940 S.W.2d at 752.