NO. 07-07-0400-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 12, 2008



______________________________





IN THE MATTER OF R.D.P., A CHILD



_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;



NO. 9213-J #1; HON. CORKY ROBERTS, PRESIDING

_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ. 

Memorandum Opinion

          Appellant, R.D.P., a minor, appeals the trial court’s Order Modifying Disposition to
Texas Youth Commission. Appellant contends that the trial court erred in considering a
social history report prepared by appellant’s juvenile probation officer before determining
whether appellant had violated a condition of his probation. We affirm.

Background

          In July of 2007, a hearing was held on the Potter County Attorney’s Office’s petition
which alleged that appellant had engaged in delinquent conduct by having possessed a
controlled substance, cocaine, in an amount less than one gram. Appellant waived his
right to jury trial and stipulated to the evidence. An order was entered adjudicating that
appellant had engaged in delinquent conduct and appellant was placed in the Pathways
3-H Youth Ranch. Appellant was also placed on juvenile probation. Among the conditions
of probation, appellant was required to successfully complete the program at Pathways and
not be discharged as unsuccessful.

          In August of 2007, the Potter County Attorney’s Office filed a Motion to Modify
Disposition that claimed that appellant violated the terms and conditions of his probation
because he failed to successfully complete the Pathways program and was discharged as
unsuccessful. At the hearing on the Motion to Modify, appellant pled “not true” to the
allegation. Appellant’s probation officer was called to testify. The County Attorney offered
a social case history that the probation officer had prepared for admission into evidence. 
Appellant’s counsel stated, “All though [sic] this exhibit contains some hearsay material
from the Pathways program, I’m not going to object, Your Honor, because I think there’s
some information in there the Court needs to see.” Appellant’s counsel then affirmatively
stated that he had “[n]o objection” to the evidence. Subsequent to the admission of this
social case history, the probation officer testified that appellant was discharged from the
Pathways program as unsuccessful because he had been physically and verbally
aggressive toward staff and got into a fight with another resident. At the conclusion of the
hearing, the trial court modified the disposition and committed appellant to the custody of
the Texas Youth Commission.

          By one issue, appellant contends that the trial court erred by considering a social
history report prepared by appellant’s juvenile probation officer before determining whether
appellant had violated a condition of his probation.

 

Law and Analysis

          Appellant contends that the trial court erred by considering the probation officer’s
social history report before first making a determination whether there was reason to
modify the prior disposition. See Tex. Fam. Code Ann. § 54.05(e) (Vernon 2002); In re
J.G., 112 S.W.3d 256, 259 (Tex.App.–Corpus Christi 2003, no pet.). Thus, appellant’s
issue relates to the timing of the trial court’s admission of this evidence. 

          Juvenile courts are vested with broad discretion in determining the suitable
disposition of children found to have engaged in delinquent conduct and this is especially
true in hearings to modify disposition. In re L.R., 67 S.W.3d 332, 338 (Tex.App.–El Paso
2001, no pet.). A trial court abuses its discretion when it acts without reference to any
guiding rules or principles. In re M.A.C., 999 S.W.2d 442, 446 (Tex.App.–El Paso 1999,
no pet.).

          To preserve a complaint concerning the admission of evidence for appellate review,
a party must have presented to the trial court a timely request, objection, or motion stating
the specific grounds for the ruling sought, if the specific grounds were not apparent from
the context. Tex. R. App. P. 33.1(a); In re R.S.C., 940 S.W.2d 750, 752 (Tex.App.–El Paso
1997, no pet.). Further, when a party affirmatively asserts during trial that they have “no
objection” to the admission of the complained of evidence, any error in the admission of
the evidence is waived. In re R.S.C., 940 S.W.2d at 752.

          In the present case, appellant did not raise any objection to the offer of the social
history report. In fact, appellant affirmatively stated that he had “no objection” to the
admission of the evidence and actually thought that there was information in the report that
the trial court “needs to see.” As a result, we conclude that appellant did not preserve his
objection to the admission of the social history report and, in fact, affirmatively waived any
complaint regarding the admission of this evidence. In re R.S.C., 940 S.W.2d at 752. 
Thus, we overrule appellant’s issue.

Conclusion

          Having overruled appellant’s sole issue on appeal, we affirm the judgment of the trial
court.

 
                                                                           Mackey K. Hancock

                                                                                     Justice








 cause
to be developed a reporter's record transcribing the evidence and arguments presented
at any hearing conducted. 

 Additionally, the trial court shall file the supplemental record with the clerk of this
court on or before November 9, 2007. Should further time be required by the trial court to
perform these tasks, it shall be so requested before November 9, 2007. 

 Finally, if the trial court determines A.G.N. is entitled to appointed counsel and
appoints counsel, it shall inform this court of the name, address, and state bar number of
the appointed counsel.

 It is so ordered.

 
Per Curiam
1. Further citation to Tex. Fam. Code Ann. (Vernon 2002 & Supp. 2006) shall be by
the abbreviation "Section" followed by the relevant number.