NO. 07-07-0400-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 12, 2008

_____

IN THE MATTER OF R.D.P., A CHILD

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 9213-J #1; HON. CORKY ROBERTS, PRESIDING
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**Memorandum Opinion**

Appellant, R.D.P., a minor, appeals the trial court's Order Modifying Disposition to Texas Youth Commission. Appellant contends that the trial court erred in considering a social history report prepared by appellant's juvenile probation officer before determining whether appellant had violated a condition of his probation. We affirm.

Background

In July of 2007, a hearing was held on the Potter County Attorney's Office's petition which alleged that appellant had engaged in delinquent conduct by having possessed a controlled substance, cocaine, in an amount less than one gram. Appellant waived his right to jury trial and stipulated to the evidence. An order was entered adjudicating that

appellant had engaged in delinquent conduct and appellant was placed in the Pathways 3-H Youth Ranch. Appellant was also placed on juvenile probation. Among the conditions of probation, appellant was required to successfully complete the program at Pathways and not be discharged as unsuccessful.

In August of 2007, the Potter County Attorney's Office filed a Motion to Modify Disposition that claimed that appellant violated the terms and conditions of his probation because he failed to successfully complete the Pathways program and was discharged as unsuccessful. At the hearing on the Motion to Modify, appellant pled "not true" to the allegation. Appellant's probation officer was called to testify. The County Attorney offered a social case history that the probation officer had prepared for admission into evidence. Appellant's counsel stated, "All though [sic] this exhibit contains some hearsay material from the Pathways program, I'm not going to object, Your Honor, because I think there's some information in there the Court needs to see." Appellant's counsel then affirmatively stated that he had "[n]o objection" to the evidence. Subsequent to the admission of this social case history, the probation officer testified that appellant was discharged from the Pathways program as unsuccessful because he had been physically and verbally aggressive toward staff and got into a fight with another resident. At the conclusion of the hearing, the trial court modified the disposition and committed appellant to the custody of the Texas Youth Commission.

By one issue, appellant contends that the trial court erred by considering a social history report prepared by appellant's juvenile probation officer before determining whether appellant had violated a condition of his probation.

2

Law and Analysis

Appellant contends that the trial court erred by considering the probation officer's social history report before first making a determination whether there was reason to modify the prior disposition. See TEX. FAM. CODE ANN. § 54.05(e) (Vernon 2002); In re J.G., 112 S.W.3d 256, 259 (Tex.App.–Corpus Christi 2003, no pet.). Thus, appellant's issue relates to the timing of the trial court's admission of this evidence.

Juvenile courts are vested with broad discretion in determining the suitable disposition of children found to have engaged in delinquent conduct and this is especially true in hearings to modify disposition. In re L.R., 67 S.W.3d 332, 338 (Tex.App.–El Paso 2001, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. In re M.A.C., 999 S.W.2d 442, 446 (Tex.App.–El Paso 1999, no pet.).

To preserve a complaint concerning the admission of evidence for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling sought, if the specific grounds were not apparent from the context. TEX. R. APP. P. 33.1(a); In re R.S.C., 940 S.W.2d 750, 752 (Tex.App.–El Paso 1997, no pet.). Further, when a party affirmatively asserts during trial that they have "no objection" to the admission of the complained of evidence, any error in the admission of the evidence is waived. In re R.S.C., 940 S.W.2d at 752.

In the present case, appellant did not raise any objection to the offer of the social history report. In fact, appellant affirmatively stated that he had "no objection" to the admission of the evidence and actually thought that there was information in the report that the trial court "needs to see." As a result, we conclude that appellant did not preserve his

objection to the admission of the social history report and, in fact, affirmatively waived any complaint regarding the admission of this evidence. In re R.S.C., 940 S.W.2d at 752. Thus, we overrule appellant's issue.

Conclusion

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice