

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-84,251-01 AND WR-84,251-02

### EX PARTE STEVEN ANTHONY MONTELLI, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. W91-03314L(A) AND W91-31553L(A) IN THE CRIMINAL DISTRICT COURT NO. 5 FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of credit card abuse, and one charge of burglary of a habitation. He was sentenced to two concurrent twenty–five year sentences.

Applicant contends that he is being denied credit for time spent released on parole and mandatory supervision prior to revocation. He also alleges that he is being denied credit for time spent in an Intermediate Sanctions Facility ("ISF"). Applicant has alleged facts that, if true, might

entitle him to relief. *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). Although the trial court has entered detailed findings of fact and conclusions of law in both cases, there is no affidavit from TDCJ in the record to support those findings. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's sentence begin date(s) and the dates of issuance of any pre-revocation warrants leading to the revocation of such parole or mandatory supervision. The affidavit should state whether Applicant is serving a sentence for, or has previously been convicted of, an offense which was listed in TEX. GOV'T CODE § 508.149(a) at the time of Applicant's revocation. The affidavit should also address how much time was remaining on this sentence on the date that Applicant was released on parole or mandatory supervision, and how much time Applicant spent on release before the issuance of the pre-revocation warrant. The affidavit should state whether Applicant spent time in an ISF, and if so, whether there was a pre-revocation warrant in effect during that time. The affidavit should state whether or not Applicant is receiving credit for any of the time spent on parole or mandatory supervision, and whether he is receiving credit for time spent in an ISF while there was a pre-revocation warrant in effect. Finally, the affidavit should indicate whether or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant

at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant has properly exhausted his administrative remedies as required by TEX. GOV'T CODE § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant is eligible to earn street time credit, and if so, whether he is entitled to credit for his time spent on release. The trial court shall also make findings and conclusions as to whether Applicant is receiving the proper amount of time credit for that time, and for any time he spent in an ISF while a pre-revocation warrant was in effect. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 16, 2015
Do not publish