986 S.W.2d 278 (1998)
In the Matter of J.K.R., a Juvenile.
No. 11-97-00183-CV.
Court of Appeals of Texas, Eastland.
December 31, 1998.
*280 David H. Stokes, Law Firm of David H. Stokes, Stephenville, for appellant.
John Terrill, Dist. Atty., Stephenville, for appellee.
Panel consists of: ARNOT, C.J., and DICKENSON, J., and WRIGHT, J.

OPINION
ARNOT, Chief Justice.
J.K.R. appeals from the adjudication that he engaged in delinquent conduct[1] and the order committing him to the Texas Youth Commission. We affirm.
The record reflects that J.K.R. lived with his father, his younger brother, his younger sister, his stepmother, his older stepsister, his younger stepbrother, and his younger stepsister. The State filed three petitions alleging that J.K.R. engaged in delinquent conduct with his sister and two stepsisters. The jury found that J.K.R. had engaged in delinquent conduct by sexually assaulting his nine-year-old sister.[2] The jury did not find that J.K.R. had engaged in delinquent conduct with his twelve-year-old stepsister or with his five-year-old stepsister. The jury sentenced J.K.R. to commitment to the Texas Youth Commission for three years.[3]
J.K.R. has briefed nine points of error addressing alleged errors at various stages of the proceeding. Before addressing the merits of his complaints, we note that proceedings under the Texas Juvenile Justice Code, TEX. FAM. CODE ANN. Title 3 (Vernon 1996 & Supp.1998), are brought as civil proceedings but are "quasi-criminal" in nature. In the Matter of R.S.C., 940 S.W.2d 750 (Tex.App.El Paso 1997, no writ); In the Matter of D.S., 921 S.W.2d 860 (Tex. App.San Antonio 1996, no writ); In the Matter of J.R., 907 S.W.2d 107 (Tex.App. Austin 1995, no writ); C.E.J. v. State, 788 *281 S.W.2d 849 (Tex.App.Dallas 1990, writ den'd). Under the applicable statutes and case law, civil and criminal rules apply at different stages of the same proceeding. TEX. FAM. CODE ANN. § 51.17 (Vernon 1996) provides that Texas Rules of Civil Procedure apply, that discovery is governed by the Texas Code of Criminal Procedure and the applicable criminal case law, and that the Texas Rules of Criminal Evidence[4] and Chapter 38 of the Texas Code of Criminal Procedure[5] apply. TEX. FAM. CODE ANN. § 54.03 (Vernon 1996 & Supp.1998) provides that the burden of proof in an adjudication hearing is beyond a reasonable doubt. If the trier of fact determines that the juvenile engaged in delinquent conduct, a separate disposition hearing is conducted subsequent to the adjudication hearing. TEX. FAM. CODE ANN. §§ 54.03(h) and 54.04 (Vernon 1996 & Supp.1998). In reviewing a challenge to the legal sufficiency of the evidence in a juvenile adjudication proceeding, we apply the civil test considering only the evidence and the inferences supporting the jury's finding and disregarding all of the evidence to the contrary. Juliette Fowler Homes, Inc. v. Welch Associates, Inc., 793 S.W.2d 660 (Tex.1990); Stafford v. Stafford, 726 S.W.2d 14 (Tex.1987); Martinez v. Delta Brands, Inc., 515 S.W.2d 263 (Tex.1974); In the Matter of M.M.R., 932 S.W.2d 112 (Tex. App.El Paso 1996, no writ); In the Matter of M.R., 846 S.W.2d 97 (Tex.App.Fort Worth 1992), writ den'd, 858 S.W.2d 365 (Tex.1993), cert. den'd, 510 U.S. 1078, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994). If there is any evidence of probative force to support the jury's finding, the point must be overruled and the finding upheld. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). We will first address J.K.R.'s challenges to the sufficiency of the evidence.
J.K.R. contends that the evidence is legally insufficient because "no rational trier of fact could ever have found beyond a reasonable doubt the essential elements of Aggravated Sexual Assault as that crime was defined for the jury in the Charge of the Court on Adjudication." We disagree.
At the adjudication hearing, J.K.R.'s sister testified as follows:
He made me go under the bed and strip, and then he would get under there and strip. Then he would make me put my mouth on his penis. And then I had to lick him and touch him all over and then he did the same to me.
In January of 1994, the sister wrote their stepmother a note stating that "[J.K.R.] had been doing stuff to me." Eventually, she told their stepmother that J.K.R. made her participate in oral sex with him. The stepmother testified that she received a note from J.K.R.'s sister that described how J.K.R. would touch, kiss, and lick the girl and how he would have her do the same to him. J.K.R. gave a statement in which he admitted that he had touched his sister.
In the petition to adjudicate, the State alleged in two paragraphs that J.K.R. had engaged in aggravated sexual assault on or about June 1, 1993, by inserting his sexual organ into his sister's mouth or by causing his sister's sexual organ to contact either his mouth or his sexual organ. In Paragraph V, the charge to the jury stated:
You are instructed that a person commits Aggravated Sexual Assault if he causes the sexual organ of a female child then and there younger than fourteen years of age, to contact the mouth of the actor.
J.K.R. contends that the jury charge failed to provide a complete definition of the offense because sexual assault was defined as occurring when the victim's sexual organ contacted the mouth of the actor.[6] J.K.R. argues that, since there is no evidence that his mouth contacted his sister's sexual organ, there is no evidence to support the jury's *282 finding that he engaged in aggravated sexual assault. We disagree.
The application paragraph of the charge stated:
Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of June, 1993, in Erath County, Texas, that J.K.R. did intentionally or knowingly cause the sexual organ of [his sister] a female child then and there younger than fourteen years of age, to contact the mouth or sexual organ of the Respondent; or that J.K.R. did intentionally or knowingly cause the penetration of the mouth of [his sister] a female child then and there younger than 14 years of age by inserting his, the Respondent's, sexual organ in the mouth of said child, [his sister] then you will find the Respondent, J.K.R. is a child who has engaged in delinquent conduct by committing Aggravated Sexual Assault and so say by your verdict, but if you do not so find, or if you have a reasonable doubt thereof, you will say by your verdict that J.K.R. is not a child who has engaged in delinquent conduct.
The application paragraph directly tracked the language alleged in the original adjudication petition and correctly applied the law to the facts of the case by specifically requiring the jury to find that J.K.R. committed aggravated sexual assault either by causing the sexual organ of his sister to contact his mouth or sexual organ or by causing the penetration of the mouth of his sister by inserting his sexual organ into his sister's mouth. The evidence is legally sufficient to support the jury verdict. This point of error is overruled.
J.K.R. also complains that the evidence is factually insufficient to support the jury's finding that he engaged in delinquent conduct. However, J.K.R. did not file a motion for new trial challenging the factual sufficiency of the evidence in the trial court and has not preserved this argument for appellate review. TEX.R.CIV.P. 324(b); In the Matter of M.R., 858 S.W.2d 365 (Tex. 1993). The factually insufficiency point of error is overruled.
J.K.R. argues that the trial court erred during the adjudication phase by admitting the expert testimony of Dale Edward Warren, Chief Juvenile Probation Officer for Erath County, concerning the need for rehabilitation of J.K.R. J.K.R. asserts that the testimony was admitted in violation of former TEX.R.CRIM.EVID. 702 and 704[7] because there was no proper foundation for the testimony and that the testimony bolstered the State's witnesses and was tantamount to passing on J.K.R.'s guilt. Warren testified as follows:
[STATE]: Mr. Warren, in connection with your role as juvenile officer for Erath county, did you prepare a report for the Court to consider in this case?
WARREN: Yes, sir, for the Court to consider after adjudication.
[STATE]: Do you, from your examination of [JKR], feel that there is a need for rehabilitation of this child?
[J.K.R.'S COUNSEL]: I object, Your Honor.
* * * * * *
[STATE]: And what is your opinion in regard to the need for rehabilitation?
WARREN: It's my very strong opinion that this young man is in dire, dire need of rehabilitation.
Before admitting expert testimony, the trial court must be satisfied that three conditions are met: (1) that the expert witness qualifies as an expert by reason of his knowledge, skill, experience, training, or education; (2) that the subject matter is an appropriate one for expert testimony; and (3) that admitting the expert testimony will actually assist the jury. Alvarado v. State, 912 S.W.2d 199 (Tex.Cr.App.1995). The trial court's decision to admit expert testimony may not be disturbed on appeal absent an abuse of discretion. Alvarado v. State, supra at 217.
At trial, J.K.R. objected to the testimony on the grounds that Warren was not qualified as an expert in passing upon the credibility of the witness and that the State had not laid a proper foundation. Warren's *283 educational background, experience, and training were sufficient to qualify him to testify as an expert on the rehabilitation of juvenile offenders. The subject matter of this testimony was appropriate for expert testimony, and it would have assisted the trier of fact.[8] The trial court did not abuse its discretion in allowing Warren to qualify as an expert witness.
J.K.R. also argues that testimony concerning the need for rehabilitation was not proper during the adjudication phase. We agree. The only required finding for adjudication is whether the accused engaged in delinquent conduct. Language concerning the need for rehabilitation is mentioned in TEX. FAM. CODE ANN. § 54.04 (Vernon 1996 & Supp.1998) at the beginning of the disposition phase.
TEX. FAM. CODE ANN. § 56.01(b) (Vernon Supp.1999) establishes the same requirements for juvenile cases on appeal as in civil cases. In accordance with the Texas Family Code, the courts have applied the civil harmless error standard to juvenile delinquency adjudications. In the Matter of O.L., 834 S.W.2d 415 (Tex.App. Corpus Christi 1992, no writ); see also S.S. v. State, 879 S.W.2d 395 (Tex.App.Eastland 1994, no writ). However, this application rarely accounts for situations in which the child may be committed to a state institution. Proceedings where a child may suffer from the loss of liberty are comparable to those in the adult criminal justice system and require a comparable standard on appeal. When a child is charged with delinquent conduct which may result in confinement to a state institution, the criminal harmless error standard should apply on appeal. In the Interest of D.Z., 869 S.W.2d 561 (Tex.App.Corpus Christi 1993, writ den'd).
J.K.R.'s sister testified that J.K.R. had touched and kissed her on various occasions beginning in 1993 when she was nine years old. J.K.R.'s older stepsister stated that J.K.R. had touched and kissed her in a sexual manner more than once. The stepsister also testified that there were holes in J.K.R.'s bedroom wall which went through to the bathroom and that she had caught J.K.R. looking into her bedroom from an outside window while she was changing clothes. Both the sister and the older stepsister stated that they had been told to spray J.K.R. with hair spray. J.K.R.'s stepmother testified that twice J.K.R.'s bedroom wall had been repaired to fill the "peepholes" J.K.R. had "dug." She stated that she and J.K.R.'s father "just tried to take care of it" themselves, that they "just tried to watch" the situation, and that it "seemed like [J.K.R.] was doing a lot better." They had installed intercoms in the rooms, put a lock on the girls' bedroom door, and told the girls to spray J.K.R. with hair spray. In his statement, J.K.R. stated that he had been "feeling and touching" his sister for six years. He also stated that he had touched both of his stepsisters and that they had touched him in a sexual manner. J.K.R. also described how "an older girl" had introduced him to sex by "just feeling and touching" him when he was in the third or fourth grade. After that experience, J.K.R. stated that he "started doing it" to his sister. The jury convicted J.K.R. of one of the three charges.
The admission of Warren's testimony was not reversible error under either the criminal or civil standard in former TEX. R.APP.P. 81 now TEX.R.APP.P. 44.1 & 44.2. The admission did not amount to a denial of J.K.R.'s rights and was not reasonably calculated to cause the rendition of an improper judgment, and J.K.R. has not established that Warren's testimony resulted in the rendition of an improper verdict. We find beyond a reasonable doubt that the admission of Warren's testimony made no contribution to the determination that J.K.R. be adjudicated a delinquent or to his punishment.[9] The point is overruled.
*284 J.K.R. contends that the trial court erred in allowing the State's expert witness to testify at the disposition phase that he was "dangerous." Specifically, J.K.R. argues that John Gearhart, a Youth Service Coordinator for Pecan Valley MHMR, was not competent or qualified to testify.
Gearhart had been previously employed by the Texas Youth Commission in Brownwood as a Youth Activity Supervisor. Gearhart testified that he has seen approximately 100-150 juvenile sex offenders. After conducting an interview with J.K.R., Gearhart concluded that J.K.R. fit in "the very high end" of the sex offender group.
Gearhart was qualified to testify based on his knowledge, education, and experience in the rehabilitation of juvenile offenders. Alvarado v. State, supra. Experts may testify at the punishment stage as to defendant's propensity to commit violence in the future. Moore v. State, 542 S.W.2d 664 (Tex.Cr.App. 1976), cert. den'd, 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977). Because the jury was to assess whether J.K.R. received probation or a determinate sentence in the Texas Youth Commission, Gearhart's testimony assisted the jury. The trial court did not abuse its discretion. This point of error is overruled.
J.K.R. argues that the trial court erred in allowing the State to comment twice upon his failure to testify during closing argument at the adjudication stage. The first instance occurred during J.K.R.'s argument. J.K.R.'s counsel made the following argument:
You've got her word versus his word. You've got his written statement versus her word as to something else that supposedly happened. It's a one witness case. It's one witness versus one witness.
Later in the closing argument, the following exchange occurred:
[J.K.R.'S COUNSEL]: It is evidence in the case. The Court admitted these into evidence. These are evidence. It's a sworn-to statement. The State offered it. That's his version. I ask you to read it and stop and consider since when did the word of one witness versus one witness become proof beyond a reasonable doubt?
[STATE]: I'm going to object to counsel arguing that, Your Honor.
THE COURT: I'll sustain.
[STATE]: He did not testify.
J.K.R. argues that he did not refer to his written statement as testimony but merely referred to it as admitted evidence and as part of the record. The State contends that its statement was in response to the argument of J.K.R.'s counsel that "[i]t's one witness versus one witness."
Comments on the accused's right to testify violate the privilege against self-incrimination contained in TEX. CONST. art. I, § 10 and TEX. CODE CRIM. PRO. ANN. art. 38.08 (Vernon 1979). Bird v. State, 527 S.W.2d 891 (Tex.Cr.App.1975). The language used must be manifestly intended or must be of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. Nickens v. State, 604 S.W.2d 101 (Tex.Cr. App.1980). Twice, J.K.R.'s counsel stated that it was one witness versus another witness when referring to J.K.R.'s written statement and the live testimony of the complainant. J.K.R. had asserted his statutory and constitutional right not to testify and was, therefore, not a witness subject to cross-examination. The prosecutor's remark was not an improper comment on J.K.R.'s failure to testify. Franks v. State, 574 S.W.2d 124 (Tex.Cr.App.1978).
J.K.R. complains that the following argument by the State during its closing argument was also a comment on his failure to testify:
You are the exclusive judges of the testimony and the credibility of the witnesses. You are called jurors but you are exclusive judges. That's what you are, every one of you. You sit and listen to what witnesses tell you under oath on the witness stand and you ask yourself, is that person telling me the truth? Is that what happened? Did this Defendant do that to her? Is she telling me the truth? You ask yourself, did somebody else get on this witness stand and say no, it did not happen? Did somebody else show up with some physical *285 evidence that says no, it could not have happened.
The trial court overruled J.K.R.'s objections. The prosecutor's argument was not an improper comment on J.K.R.'s failure to testify but was a response to J.K.R.'s lawyer's jury argument and was consistent with the State's summation that it produced credible evidence in proving the offense. Banks v. State, 643 S.W.2d 129 (Tex.Cr.App.1982), cert. den'd, 464 U.S. 904, 104 S.Ct. 259, 78 L.Ed.2d 244 (1983). The point of error is overruled.
The trial court consolidated the three petitions on the day of trial. Two of the petitions alleged the delinquent conduct of aggravated sexual assault, and the third alleged delinquent conduct of indecency with a child. Relying upon TEX. PENAL CODE ANN. §§ 3.02 and 3.04 (Vernon 1994 & Supp.1998), J.K.R. argues that the State failed to give adequate notice that the cases would be consolidated for trial and that the cases should have been severed upon request. These statutes are not controlling.
TEX. FAM. CODE ANN. § 51.17 (Vernon 1996) states that the Texas Rules of Civil Procedure govern juvenile proceedings unless otherwise provided. The Juvenile Justice Code contemplates liberal joinder of offenses, but no specific provision addresses joinder and consolidation of actions. Because no specific provision exists, the Texas Rules of Civil Procedure apply as directed by Section 51.17.
Actions that involve common questions of law or fact may be consolidated by the trial court. TEX.R.CIV.P. 174(a). The trial court should exercise sound discretion created by the circumstances of each case. Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677 (Tex.1956); Black v. Smith, 956 S.W.2d 72 (Tex.App.Houston [14th Dist.] 1997, no writ). The legal elements of proof are similar in all three actions. The three complainants were J.K.R.'s sister and his two stepsisters, and they resided in the same home with J.K.R. Each offense was alleged to have occurred in their home. The cases share common witnesses and similar fact patterns. The circumstances surrounding these actions share both common questions of fact and law. The trial court did not abuse its discretion by consolidating the three petitions for one trial. This point of error is overruled.
J.K.R. contends that the trial court erred in allowing the State to present its original adjudication petition to the grand jury pursuant to TEX. FAM. CODE ANN. § 53.045(e) (Vernon 1996) which provides that the prosecuting attorney may not refer an adjudicating petition that alleges that the child engaged in conduct that violated Section 22.021(a)(1)(B) and (2)(B) unless the child is more than three years older than the victim. However, we note that Section 53.045(e) was amended effective January 1, 1996, to change the age requirement from two years to three years. Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 27, 1995 Tex. Gen. Laws 2531, (amended 1997). The enacting provision states that "[c]onduct that occurs before January 1, 1996, is governed by the law in effect at the time the conduct occurred, and that law is continued in effect for that purpose." Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 106, 1995 Tex. Gen. Laws 2591, (amended 1995).
The sister testified that the offense occurred on or around January 6, 1993. J.K.R. was two years and ten months older than his sister. The prosecutor referred the petition, and the grand jury approved it on December 17, 1996. The State proceeded under the determinate sentencing statute. The petition alleged delinquent conduct: aggravated sexual assault under TEX. PENAL CODE ANN. § 22.021(a)(1)(B). The State was required under the 1995 enacting provision to rely upon the pre-amendment version of Section 53.045(e). The third point of error is overruled.
J.K.R. argues that TEX. PENAL CODE ANN. § 8.07 (Vernon Supp.1998) bars the prosecution of a person younger than 15 years of age for the offense of aggravated sexual assault because of the possibility of confinement in the Texas Department of Corrections. We disagree.
Potential for incarceration under the determinate sentencing laws does not render a juvenile proceeding a criminal prosecution *286 for purposes of Section 8.07. Griego v. State, 853 S.W.2d 664 (Tex.App.Houston [1st Dist.] 1993, no pet'n); In the Matter of S.C., 790 S.W.2d 766 (Tex.App.Austin 1990, writ den'd). In S.C., the Austin court held that Section 8.07 simply bars prosecution in addition to the juvenile adjudication with respect to the same alleged conduct. Juvenile proceedings, while quasi-criminal in nature, are civil proceedings and not criminal proceedings within the scope of Section 8.07. In the Matter of S.C., supra at 773.
In the present case, the State did not prosecute J.K.R. as an adult for any of the alleged acts of delinquent conduct. J.K.R. was adjudicated as a juvenile in the designated juvenile court in Erath County. Section 8.07 does not apply to juvenile proceedings. The point of error is overruled.
J.K.R. asserts that the trial court erred in denying his motion for appointment of an investigator pursuant to TEX. CODE CRIM. PRO. ANN. art. 26.05 (Vernon 1989). An appellant complaining of improper action by the trial court under Article 26.05 must present and preserve evidence of harm or injury. Phillips v. State, 701 S.W.2d 875 (Tex.Cr.App.1985); Barney v. State, 698 S.W.2d 114 (Tex.Cr.App.1985). The record must reflect some specific need for the funds (such as the need for a particular expert or witness) or in what manner the defendant would be harmed if the testimony is not presented. Barney v. State, supra at 126. To preserve error for appellate review when approval is denied, the defendant must make some offer of proof in the form of a concise statement; however, no formal bill of exception is required. TEX.R.APP.P. 33.2; Ventura v. State, 801 S.W.2d 225 (Tex.App.San Antonio 1990, no pet'n).
J.K.R. filed a motion to appoint an investigator. In his motion, J.K.R. requested "reasonable funds to hire RANDY MERRIMAN, an investigator whose services are essential to the proper representation of [J.K.R.]." On the day of voir dire, J.K.R.'s counsel objected to the court denying his motion and again requested the court to appoint an investigator. The court denied the motion. J.K.R. did not make an offer of proof.
J.K.R. contends that, by stating the name of the investigator in his motion to appoint an investigator, he met the requirements of Barney. However, the record must reflect some specific need for the funds, such as the need for a particular expert or witness. Barney v. State, supra at 126. The record is this case does not reflect the specific need for an investigator. Moreover, J.K.R. failed to show harm from the trial court's denial of an investigator. The trial court did not abuse its discretion in denying J.K.R.'s motion.
J.K.R. also complains that the investigation violated his constitutional due process rights. In order to determine whether the State's investigative process violated J.K.R.'s right to due process of law, we examine the "totality of the circumstances" surrounding the investigation. Ex parte Brandley, 781 S.W.2d 886 (Tex.Cr.App.1989).
The record reflects that the State provided J.K.R. with all the discovery in its possession. Nothing in the record indicates that the State attempted to suppress any evidence material to the defense. The allegations involved acts that would not have provided material evidence. J.K.R. agreed to provide a statement, and the State introduced the statement into evidence. The trial court appointed a psychologist who conducted an extensive consultation with J.K.R. and who testified in J.K.R.'s behalf during the disposition phase. In examining the State's investigative procedures in their totality, J.K.R. has not shown a denial of due process. This point of error is overruled.
All of J.K.R.'s contentions on appeal have been considered and are overruled.
The judgment of the trial court is affirmed.
NOTES
[1] TEX. FAM. CODE ANN. § 51.03 (Vernon 1996 & Supp.1998).
[2] TEX. PENAL CODE ANN. § 22.021 (Vernon 1994 & Supp.1998).
[3] The grand jury approved the petition, and the offense was one of listed offenses in TEX. FAM. CODE ANN. § 53.045 (Vernon 1996 & Supp. 1998); therefore, the sentence was a determinate sentence providing that J.K.R could be transferred to the Institutional Division of the Texas Department of Criminal Justice upon a proper hearing. TEX. FAM. CODE ANN. § 54.04 (Vernon 1996 & Supp.1998).
[4] Effective March 1, 1998, the Texas Rules of Criminal Evidence were merged with the Texas Rules of Civil Evidence to become the Texas Rules of Evidence.
[5] This chapter addresses evidence in criminal actions.
[6] TEX. PENAL CODE ANN. § 22.021 (Vernon 1994 & Supp.1998) defines the various ways aggravated sexual assault may be committed.
[7] See TEX.R.EVID. 702 and 704.
[8] TEX. FAM. CODE ANN. § 54.04(c) (Vernon 1996). No disposition may be made under this section unless the child is in need of rehabilitation.
[9] This case was tried prior to the September 1, 1997, effective date of the revised Texas Rules of Appellate Procedure. In the event the revised rules were to be applied under TEX.R.APP.P. 44.2(b), J.K .R. has not established that the admission of the testimony affected a substantial right.