TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00651-CV






In the Matter of C. C.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-18,092, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 After appellant C.C., a juvenile, waived his right to a jury trial, the district court
sitting as the Juvenile Court of Travis County found that he engaged in delinquent conduct by
possessing more than one gram but less than four grams of cocaine. See Tex. Fam. Code Ann.
§ 54.03 (West 1996); (1) Tex. Health & Safety Code Ann. § 481.115(c) (West Supp. 1999); Tex.
Penal Code Ann. § 12.34 (West 1994). The juvenile court ordered appellant transferred to the
custody of the Texas Youth Commission ("TYC") for an indeterminate period. In four issues,
appellant argues that (1) the juvenile court abused her discretion by sending appellant to TYC for
a single, nonviolent offense and by not following the Progressive Sanctions Guidelines in the
Family Code; (2) the record does not support the juvenile court's finding that reasonable efforts
had been made to prevent the removal of appellant from his home; (3) appellant was not properly
admonished before he gave a judicial confession; and (4) appellant's constitutional rights to due
process were violated because (a) before he confessed, he received no notice that he could be sent
to TYC, (b) he received improper notice that he could go to TYC for breaking the terms of his
release, (c) he did not receive reasonable notice of his adjudication hearing, and (d) he was
punished for the wrongs of his siblings. We will affirm the juvenile court's judgment.


BACKGROUND

 The details of appellant's offense are not in dispute; rather, appellant complains
about the procedures employed by the juvenile court after he was taken into custody. Our factual
discussion, therefore, will center on what happened to appellant after he committed the crime. 
On May 5, 1998, the State filed a petition alleging that appellant, then seventeen years of age, had
violated the Health & Safety Code by possessing cocaine. See Tex. Health & Safety Code Ann.
§ 481.115(c). On May 18, appellant signed a "Conditions of Release," which listed several
conditions that appellant must follow or face a return to custody at the Gardner-Betts Detention
Center. These conditions included: obeying all laws, meeting with his assigned probation officer,
not using controlled substances, and abiding by the rules of Southwest Key. (2) The State's petition
remained pending and appellant filed a motion to suppress the tangible evidence against him.

 On June 16, appellant's assigned probation officer, Kay Hester, filed a court
summary detailing appellant's situation. According to Hester, appellant had experienced problems
for the two years preceding his drug charge. Appellant had abused drugs and alcohol since he was
eleven; he dropped out of school when he was in eighth grade; he had not held a stable job since
dropping out; and he had been a member of a gang. Appellant's family life was chaotic--his father
was in jail for assaulting his mother, who is disabled and does not work, and two of appellant's
siblings have been involved with juvenile court. At about the time of her summary, Hester
requested that appellant be taken into custody because he had violated terms of the May 18
"Conditions of Release" by being unaccountable to Southwest Key and by using cocaine. But
Hester noted that appellant did not meet ideal placement criteria for TYC, and if committed he
would be classified as a general offender and serve a minimum of nine months. On June 18, after
a hearing, the juvenile court ordered that appellant be detained for violating the May 18
"Conditions of Release."

 On June 25, appellant was released from detention and sent to Recovery Ranch,
a drug-treatment program. Appellant signed a second "Conditions of Release," in which he
acknowledged, inter alia, that he must obey the staff at Recovery Ranch, obey all laws, avoid
controlled substances, and participate fully in the Recovery Ranch program.

 On July 23, appellant appeared before the juvenile court for a hearing on his motion
to suppress. However, when the juvenile court called the case, appellant announced he would go
forward with a judicial confession. The court questioned appellant about his knowledge of the
proceedings in general and the following exchange occurred:


THE COURT: And I also understand that you are asking today for me to accept
what is called a judicial confession; that you would admit that you committed this
offense in return for me allowing you the opportunity to go through whatever
treatment program is needed, and perhaps other matters that I might order you to
do, in lieu of a criminal record.


APPELLANT: Yes, ma'am.


THE COURT: But understanding that if you fail anything I tell you to do, you've
already confessed, and you waive your right to a motion to suppress; it's gone; it's
over with, and you will be convicted of this felony.


APPELLANT: Yes, ma'am.


THE COURT: And you will have a criminal record for life.


APPELLANT: Yes, ma'am.


THE COURT: So you don't have to do this.


APPELLANT: I know.



Appellant then admitted possessing cocaine as charged in the State's petition.

 During the hearing, Hester told the court that appellant's siblings were on
probation. The court did not place appellant on probation, observing that appellant was already
receiving all the treatment possible, the juvenile system was already tracking his family through
the other siblings, and the court could send appellant to TYC if he did not follow her orders. The
court did not adjudicate appellant, but ordered him to complete the program at Recovery Ranch
and to get a high-school-equivalency degree (GED). She stated that she wanted to reassess
appellant in four months to determine his progress with his drug-treatment program. The court
also warned appellant:


THE COURT: If he [sic] messes up, you've already confessed to this crime; I will
adjudicate you on that date and you'll be out of here.


APPELLANT: Yes, ma'am.


THE COURT: Agreeable?


APPELLANT: Yes, ma'am.



 In October, appellant was released from Recovery Ranch and signed a third
"Conditions of Release" in which he promised to meet with his probation officer on a weekly
basis, avoid controlled substances, avoid negative peers, abide by the Recovery Ranch outpatient
program, comply with the rules of Southwest Key, and become employed. Soon after being
released, a capias was issued for appellant because appellant violated terms of his release;
specifically, he missed two visits with his probation officer, he was unaccountable to Southwest
Key on two occasions, and he missed two sessions of his outpatient program.

 On October 27, the juvenile court conducted a hearing at which she accepted
appellant's prior confession and adjudicated him delinquent. The court heard testimony from
Hester, who testified that appellant violated various terms of the third "Conditions of Release,"
including missing three outpatient sessions at Recovery Ranch, being unaccountable to Southwest
Key in excess of six times, associating with negative peers, and admitting that if tested on that day
he would be positive for cocaine and marihuana. Hester recommended that appellant be
committed to TYC. The court concurred and committed appellant to TYC for an indeterminate
period.


DISCUSSION

Commitment to TYC

 In his first issue, appellant contends that the juvenile court abused her discretion
by committing him to TYC for a single, nonviolent offense and by not following the Progressive
Sanctions Guidelines in the Family Code. See Family Code §§ 59.001-.015 (West 1996 & Supp.
1999). For the offense of possession of a controlled substance, the Progressive Sanctions
Guidelines recommend probation for six to twelve months. See Family Code §§ 59.003(a)(3),
.006 (West Supp. 1999). Instead of placing appellant on probation, the juvenile court committed
appellant to TYC. To the extent that appellant's issue complains about the juvenile court's failure
to follow the Progressive Sanctions Guidelines, it is overruled because the Family Code prohibits
a child from complaining on appeal about the court's failure to make a sanction level assignment. 
See Family Code § 59.014 (West 1996); In re A.S., 954 S.W.2d 855, 861 (Tex. App.--El Paso
1997, no pet.) (rejecting complaint that court abused its discretion by sending juvenile to TYC
rather than following the Progressive Sanctions Guidelines on same statutory grounds). We also
note that these guidelines are not mandatory: "Nothing in this chapter prohibits the imposition
of appropriate sanctions that are different from those provided at any sanction level." Family
Code § 59.003(e) (West Supp. 1999).

 Appellant's argument that the juvenile court abused her discretion by committing
him to TYC for a single, nonviolent offense combines with appellant's second issue that there is
legally and factually insufficient evidence to support the juvenile court's finding that all reasonable
efforts were made to eliminate the need to remove appellant from his home. In sum, appellant
contends the evidence is insufficient to support the juvenile court's disposition order. Appellant
specifically complains that he should have been put on probation before being sent to TYC. 
Because appellant did not file a motion for new trial, he has waived his factual sufficiency
arguments. See Tex. R. Civ. P. 324(b)(2); In re M.R., 858 S.W.2d 365, 366 (Tex. 1993); In re
J.K.R., 986 S.W.2d 278, 282 (Tex. App.--Eastland 1998, pet. denied). We turn now to
appellant's legal sufficiency arguments.

 "The juvenile court possesses broad discretion to determine a suitable disposition
of a child adjudicated delinquent." In re J.R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995,
no writ). Absent an abuse of discretion, a juvenile court's findings should not be disturbed. See
In re M.S., 940 S.W.2d 789, 791 (Tex. App.--Austin 1997, no writ). A trial court abuses its
discretion when it acts in an unreasonable and arbitrary manner, or without reference to any
guiding rules or principles. See Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This Court
may not reverse for abuse of discretion merely because we disagree with the decision of the trial
court. See Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242.

 The juvenile court is permitted to commit a child to TYC if: 


(1) it is in the child's best interest to be placed outside the child's home; (2)
reasonable efforts were made to prevent or eliminate the need for the child's
removal from the home; and (3) the child, in the child's home, cannot be provided
the quality of care and level of support and supervision that the child needs to meet
the conditions of probation.



Family Code § 54.04(i) (West 1996). The juvenile court determined that these criteria were met.

 This Court applies the criminal standard of review to juvenile cases: "We view
the evidence in the light most favorable to the finding and determine whether any rational trier
of fact could have found the elements of the requirement proven beyond a reasonable doubt." See
M.S., 940 S.W.2d at 791-92 (citing P.L.W. v. State, 851 S.W.2d 383, 387 (Tex. App.--San
Antonio 1983, no writ)).

 We conclude the record supports the disposition order. Reasonable efforts were
taken to prevent the need to remove appellant from his home. Appellant was conditionally
released from custody at least three times and violated at least two of those orders. Appellant was
placed on Southwest Key twice and both times was unable to comply with the program. Appellant
was sent to Recovery Ranch, the only drug-treatment center available to him, for over three
months to recover from his drug addiction but was admittedly using drugs only weeks after his
release. The juvenile court used all reasonable resources available to avoid committing appellant
to TYC; unfortunately, appellant did not respond to these efforts. We hold that there is legally
sufficient evidence to support the trial court's disposition. (3)

 Appellant urges that a juvenile court does not have the discretion to send a juvenile
to TYC without first placing him on probation. We find no authority for such proposition and
appellant directs us to none. Appellant's sole authority is In re L.G., 728 S.W.2d 939 (Tex.
App.--Austin 1987, writ ref'd n.r.e.). In L.G., we vacated a juvenile's commitment to TYC. See
L.G., 782 S.W.2d at 941. Like appellant, L.G. had been found to have engaged in delinquent
conduct by possessing cocaine but had no prior referrals. See id. at 941, 945. But unlike
appellant, L.G. had a supportive family, a stable academic school record, and a positive
recommendation for probation. See id. at 945. A proper commitment to TYC occurs when, as
here, there has been a negative recommendation for probation. See id. We hold therefore that
the juvenile court did not abuse her discretion in committing appellant to TYC.

 We overrule appellant's first two issues.


Admonishments

 In issue three, appellant complains that he was not properly admonished under
section 54.03(b) of the Family Code before giving his judicial confession; more specifically,
appellant asserts that he was not warned before his confession that confinement at TYC was a
possible consequence. See Family Code § 54.03(b) (West 1996). Appellant, however, has not
preserved any such error for appeal because he failed to object at trial. Appellant's adjudication
is governed by a 1997 amendment to section 54.03. "In order to preserve for appellate . . .
review the failure of the court to provide the child the explanation required by Subsection (b), the
attorney for the child must comply with Rule 52(a), Texas Rules of Appellate Procedure . . . ." 
Family Code §54.03(i) (West Supp. 1999). Rule 33.1 (formerly Rule 52(a)) provides that in order
to properly preserve a complaint for appeal, the record must show that the complaint was made
to the juvenile court. See Tex. R. App. P. 33.1. Because appellant did not object at the time of
trial to the failure to admonish, any error is waived. Appellant relies on the supreme court's
holding in In re C.O.S., 988 S.W.2d 760 (Tex. 1999), that failure to admonish, if not specifically
waived, could be raised for the first time on appeal. See id. at 767. However, the supreme court
explicitly recognized that the offense at issue in C.O.S. occurred before the 1997 amendment and
thus the amendment did not govern the case. See id. at 761. The court also noted that it was "not
making any determination about error preservation in cases arising under the statute since its
amendment in 1997." Id. at 767. We hold that the 1997 amendment is controlling in this case
and since appellant did not object at trial to the alleged improper admonishments, he waived any
right to raise that issue on appeal.

 We overrule appellant's third issue.


Due Process

 In issue four, appellant asserts that his due process rights were violated in various
ways. However, appellant has also failed to preserve this error for appeal. Appellant made no
objection to the procedures until appeal. "It is a general rule that appellate courts will not
consider any error which counsel for accused could have called, but did not call, to the attention
of the trial court at the time when such error could have been avoided or corrected by the trial
court." Rogers v. State, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982). This analysis "is
applicable to alleged due process violations." Id. at 265. "[S]ince appellant failed to voice any
due process objection to the procedures used by the trial court, we hold that he waived his
complaint." Id; see also In re M.A.S., 679 S.W.2d 548 (Tex. App.--San Antonio 1984, no writ). 
This Court likewise holds. Appellant's fourth issue is overruled.

 We recognize that implicit throughout appellant's arguments is a complaint about
the informal probation procedure used by the juvenile court. Appellant argues that had he been
given official probation, he would have received additional procedural protections before the
juvenile court could revoke his probation and commit him to TYC. See Family Code § 54.05 (d),
(f) (West 1996). In appellant's case, however, we have held that probation was never required;
therefore, any informal second chances that the juvenile court may have given appellant were
within her discretion and do not have to conform to section 54.05 of the Family Code. See
Family Code § 54.05 (West 1996).

 A juvenile court's informal probation procedures may raise concerns in some cases. 
Cf. M.A.S., 679 S.W.2d at 551. At the July 23 hearing, the juvenile court heard sufficient
evidence to find appellant committed the offense, but the court did not render an order to that
effect until October 27. Appellant was adjudicated and disposition was rendered all on the same
day. The result of the procedure followed by the juvenile court in this case was to allow appellant
additional chances to postpone his commitment to TYC. Appellant was given notice and
represented by counsel at all hearings before the juvenile court. Appellant's responses to the
court's questions indicated a willingness on his part to accept the court's conditions rather than
face immediate confinement to TYC following his confession. The juvenile court's action in
postponing adjudication and disposition in order to determine appellant's willingness and ability
to conform to socially acceptable norms of behavior did not result in a denial of any constitutional
right of appellant. See id.


CONCLUSION

 Having overruled appellant's four issues, we affirm the juvenile court's judgment. 



 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: December 2, 1999

Publish
1. We will refer to the Texas Family Code as the "Family Code."
2. Southwest Key is an organization that, among other things, monitors juveniles.
3. We note, as we did in M.S., that some courts of appeals apply the civil standard of review
in juvenile cases. See In re M.S., 940 S.W.2d 789, 792 n.2 (Tex. App.--Austin 1997, no writ);
In re A.S., 954 S.W.2d 855, 860-61 (Tex. App.--El Paso 1997, no pet.). Were we to apply the
civil standard, our holding would be the same.



 controlling in this case
and since appellant did not object at trial to the alleged improper admonishments, he waived any
right to raise that issue on appeal.

 We overrule appellant's third issue.


Due Process

 In issue four, appellant asserts that his due process rights were violated in various
ways. However, appellant has also failed to preserve this error for appeal. Appellant made no
objection to the procedures until appeal. "It is a general rule that appellate courts will not
consider any error which counsel for accused could have called, but did not call, to the attention
of the trial court at the time when such error could have been avoided or corrected by the trial
court." Rogers v. State, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982). This analysis "is
applicable to alleged due process violations." Id. at 265. "[S]ince appellant failed to voice any
due process objection to the procedures used by the trial court, we hold that he waived his
complaint." Id; see also In re M.A.S., 679 S.W.2d 548 (Tex. App.--San Antonio 1984, no writ). 
This Court likewise holds. Appellant's fourth issue is overruled.

 We recognize that implicit throughout appellant's arguments is a complaint about
the informal probation procedure used by the juvenile court. Appellant argues that had he been
given official probation, he would have received additional procedural protections before the
juvenile court could revoke his probation and commit him to TYC. See Family Code § 54.05 (d),
(f) (West 1996). In appellant's case, however, we have held that probation was never required;
therefore, any informal second chances that the juvenile court may have given appellant were
within her discretion and do not have to conform to section 54.05 of the Family Code. See
Family Code § 54.05 (West 1996).

 A juvenile court's informal probation procedures may raise concerns in some cases. 
Cf. M.A.S., 679 S.W.2d at 551. At the July 23 hearing