11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In the Matter of O.J.H., a Juvenile 

No.  11-02-00210-CV - Appeal from Collin County

 

The State
filed a petition alleging that O.J.H. engaged in delinquent conduct by
committing the offense of delivery of a controlled substance, cocaine.  The trial court found the allegations in the
petition to be true and sentenced O.J.H. to commitment to the Texas Youth
Commission for Aan indeterminate period of time not to exceed
the time when he shall be twenty-one (21) years of age or until duly discharged
or further ordered.@  O.J.H. appeals from the adjudication that he
engaged in delinquent conduct and from the order committing him to the Texas
Youth Commission. We affirm.

In his
sole issue on appeal, O.J.H. argues that the evidence was legally and factually
insufficient to prove that he committed the offense of delivery of a controlled
substance.  Proceedings under the Texas
Juvenile Justice Code, TEX. FAM. CODE ANN. Title 3 (Vernon 2002), are brought
as civil proceedings but are Aquasi‑criminal@ in nature.  In the Matter of
J.K.R., 986 S.W.2d 278 (Tex.App. - Eastland 1998, pet=n den=d); In the Matter of R.S.C., 940 S.W.2d 750 (Tex.App. ‑ El Paso
1997, no writ).  In reviewing a
challenge to the legal sufficiency of the evidence in a juvenile adjudication
proceeding, we apply the civil test considering only the evidence and the
inferences supporting the finding and disregarding all of the evidence to the
contrary.   Juliette Fowler Homes, Inc.
v. Welch Associates, Inc., 793 S.W.2d 660 (Tex.1990); Stafford v. Stafford, 726
S.W.2d 14 (Tex.1987); In the Matter of J.K.R., supra.  If there is any evidence of probative force to support the
finding, the issue must be overruled and the finding upheld.  In the Matter of J.K.R., supra.  In reviewing a factual insufficiency issue,
we consider and weigh all of the evidence in the case and set aside the finding
only if it is so against the great weight and preponderance of the evidence as
to be manifestly unjust.  See In the
Matter of K.L.C., 972 S.W.2d 203 (Tex.App. - Beaumont 1998, no pet=n).








Alexis
Deoreo was working for the McKinney Police Department as a confidential
informant.  Deoreo testified that she
talked to O.J.H. on the phone and arranged to purchase cocaine from him.  Deoreo then met with the detectives; and
they searched her, gave her the money to buy the cocaine, and equipped her with
a recording device.  The detectives
followed Deoreo to the apartment complex where she met O.J.H.  Deoreo said that she informed O.J.H. that
she had $80.  O.J.H. told Deoreo that
she could get a Ateenth@ for that amount of money. 
Deoreo said that O.J.H. took the money and went  into the apartment.  O.J.H. returned after a few minutes and gave
the cocaine to another man who was present. 
The man gave the cocaine back to O.J.H, and O.J.H gave the cocaine to
Deoreo.  Deoreo put the cocaine in her
pocket and left the apartment complex. 
Deoreo met with the detectives again, and she was searched again.  Deoreo said that she then gave the
detectives the cocaine and the recording device.

O.J.H.
specifically argues that the evidence is insufficient to show that he was the
person who transferred the cocaine to Deoreo. 
Deoreo testified at the hearing that O.J.H. handed the cocaine directly
to her.   Sergeant Joe Ellenburg of the
McKinney Police Department testified at the hearing and identified O.J.H. in
court.  Sergeant Ellenburg stated that
he had no doubt that Deoreo contacted O.J.H. 
The audiotape from the recording device used by Deoreo during the
purchase of the cocaine was played at the hearing, and Sergeant Ellenburg
identified O.J.H.=s
voice on the audiotape.   We find that
the evidence was both legally and factually sufficient to support the trial
court=s finding that O.J.H. committed the offense
of delivery of cocaine.  O.J.H.=s sole issue on appeal is overruled.

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

March 20, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.