180 S.W.3d 747 (2005)
In the Matter of M.D.G., A Juvenile.
No. 11-04-00125-CV.
Court of Appeals of Texas, Eastland.
October 27, 2005.
J.K. (Rusty) Wall, Midland, for appellant.
Aaron M. Pier, Asst. Dist. Atty's Office, Midland, for appellee.
Panel consists of: WRIGHT, C.J., and McCALL, J.

OPINION
TERRY McCALL, Justice.
This is an appeal from an order adjudicating M.D.G. delinquent, placing M.D.G. on probation for one year, and committing M.D.G. to the Kerr County Juvenile Detention Center. M.D.G. presents two points of error on appeal. In the first point of error, M.D.G. argues that the trial court abused its discretion by refusing to allow M.D.G. to withdraw his stipulations when the court refused to follow the agreed recommendation on disposition. In the second point of error, M.D.G. contends that he received ineffective assistance of counsel at trial. We reverse and remand.

Facts
In the underlying delinquency proceeding, the State and M.D.G. reached an agreement regarding disposition and presented that recommendation to the juvenile court for consideration. M.D.G. agreed to stipulate to interfering with a police officer. M.D.G. also agreed to stipulate to committing criminal mischief, specifically, throwing rocks at a garage door. *748 However, he did not stipulate to the dollar amount of damages caused to the garage door. TEX. PEN. CODE ANN. § 28.03(a)(1) (Vernon Supp.2004-2005). In consideration for these stipulations, the State and M.D.G. agreed to the following disposition: M.D.G. would be found to have engaged in delinquent conduct, would be placed on one year's probation in the home of his grandmother, and would be required to pay restitution.
M.D.G.'s stipulations were presented to the juvenile court at the adjudication hearing. The juvenile court questioned the partial stipulation concerning the act of criminal mischief. The court reasoned that, because M.D.G. would not stipulate to the amount of damages, the court would have to enter a plea of "not true" to the criminal mischief allegation.[1] After discussing M.D.G.'s partial stipulation, the trial court asked, "And you wish for the Court, then, to try to determine from the testimony that might be presented into which bracket of the ranges under the Penal Code this particular event might occur?" The juvenile responded, "Yes." When the court continued with its admonishments, it stated that M.D.G. was "essentially" pleading not true to the second charge.
The adjudication hearing proceeded with testimony concerning only the amount of damages caused by the criminal mischief. Two witnesses testified to the cost of repair, and the owner testified to the cause and amount of the damages. Except for the stipulations, no evidence was presented to prove that M.D.G. committed the offense of criminal mischief. The owner testified that "all the children across the alley [were] there when I opened [my garage door]." He further testified that two witnesses saw it occur and called the police before he got there. He did not testify that he knew which juvenile engaged in the criminal mischief, and he did not identify M.D.G. as the person responsible. When the juvenile court concluded the adjudication hearing, the court pronounced that M.D.G. had engaged in criminal mischief and found that the amount of damages was between $500 and $1,500.
After adjudicating M.D.G. delinquent, the juvenile court immediately held the disposition hearing. Pursuant to the terms of the agreement between the State and M.D.G., the juvenile probation officer recommended that M.D.G. be found to have engaged in delinquent conduct, be placed on one year's probation in the home of his grandmother, and be ordered to pay restitution. After the conclusion of the presentation of evidence, the juvenile court ordered that M.D.G. be detained in the Kerr County juvenile facility for a minimum of six months.
The record shows that the juvenile court understood that its disposition differed from the agreed disposition reached between M.D.G. and the State. Nevertheless, the juvenile court proceeded with its disposition after explaining that it had treated the stipulations as one plea of "true" and one plea of "not true." Trial counsel stated that M.D.G. had proceeded on the assumption that the only issue to be determined was the amount of damages/restitution and that, upon adjudication, the agreed disposition would be followed. After conferring with M.D.G., trial counsel requested that the stipulations be withdrawn. The juvenile court denied M.D.G.'s request.

*749 Analysis

Delinquency proceedings for juveniles in Texas are not handled in the criminal system. Although these proceedings are civil proceedings, they are quasi-criminal in nature. In the Matter of J.K.R., 986 S.W.2d 278, 280-81 (Tex.App.-Eastland 1998, pet'n den'd); In the Matter of R.S.C., 940 S.W.2d 750, 751 (Tex.App.-El Paso 1997, no writ); see also TEX. FAM. CODE ANN. § 51.17 (Vernon Supp. 2004-2005). Juvenile delinquency proceedings are governed by the Texas Family Code. In the Matter of R.J.H., 79 S.W.3d 1, 6 (Tex.2002).
We find TEX. FAM. CODE ANN. § 54.03(j) (Vernon Supp.2004-2005) to be controlling in this case. Section 54.03(j) provides as follows:
When the state and the child agree to the disposition of the case, in whole or in part, the prosecuting attorney shall inform the court of the agreement between the state and the child. The court shall inform the child that the court is not required to accept the agreement. The court may delay a decision on whether to accept the agreement until after reviewing a report filed under [TEX. FAM. CODE ANN. § 54.04(b) (Vernon Supp.2004-2005)]. If the court decides not to accept the agreement, the court shall inform the child of the court's decision and give the child an opportunity to withdraw the plea or stipulation of evidence. If the court rejects the agreement, no document, testimony, or other evidence placed before the court that relates to the rejected agreement may be considered by the court in a subsequent hearing in the case. A statement made by the child before the court's rejection of the agreement to a person writing a report to be filed under Section 54.04(b) may not be admitted into evidence in a subsequent hearing in the case. (Emphasis added)
These provisions provide for a form of plea bargaining whereby a juvenile and the State may agree on the disposition, or a part thereof, and present an agreed recommendation to the juvenile court. Under Section 54.03(j), if the court declines to accept the agreement, the court is required to inform the juvenile of its decision and give the juvenile an opportunity to withdraw his plea or any stipulations that he made.
In the instant case, the State and M.D.G. had reached an agreement regarding disposition. They agreed that M.D.G. would be found to have engaged in delinquent conduct, would be placed on one year's probation in the home of his grandmother, and would be ordered to pay restitution. Since the juvenile court elected not to accept this agreed disposition, Section 54.03(j) required the court to permit M.D.G. to withdraw his stipulations. Therefore, we hold that the juvenile court abused its discretion by refusing to allow M.D.G. to withdraw his stipulations.
The first point of error is sustained. In light of our disposition of the first point, we need not address the second point alleging ineffective assistance of counsel. TEX.R.APP.P. 47.1.

This Court's Ruling
The judgment of the juvenile court is reversed, and the cause is remanded for further proceedings.
STRANGE, J., not participating.
NOTES
[1] Criminal mischief is a state jail felony if the amount of damages is at least $1,500 and less than $20,000, but a class A misdemeanor if the damages were at least $500 but less than $1,500. TEX. PEN. CODE ANN. § 28.03(b)(3-4) (Vernon 2004-2005).