Opinion filed July 3, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 3, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00192-CV 

                                                    __________

 

                                        IN THE MATTER OF D.L.T.

 



 

                                               On
Appeal from the County Court

 

                                                          Brown
County, Texas

 

                                                     Trial
Court Cause No. 2036

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

This
is an appeal from a judgment adjudicating a juvenile of delinquent conduct.  Tex. Fam. Code  Ann. ' 51.03(1) (Vernon Supp.
2007) defines delinquent conduct as Aconduct,
other than a traffic offense, that violates a penal law of this state or of the
United States punishable by imprisonment or by confinement in jail.@   The jury found that
D.L.T. engaged in delinquent conduct by committing the offense of burglary on
February 13, 2005, and the offense of assault on a public servant on November
16, 2004.  Tex. Penal Code Ann. ' 30.02 (Vernon 2003), ' 22.01 (Vernon Supp.
2007).  We affirm.








There
is no challenge to the sufficiency of the evidence.  The record shows that on
February 13, 2005, appellant and Johnny Richmond had an encounter with
Alfred Aguirre at an apartment complex.  Later in the day, appellant and
Richmond entered Aguirre=s
apartment, and a fight occurred. Randall Gindler was inside Aguirre=s apartment, and appellant
slapped him.  Darla Fletcher, with Brownwood Independent School District,
testified that on November 16, 2004, appellant shoved her in the chest after
refusing to return to the classroom as instructed. 

In
his first and second issues on appeal, appellant argues that the trial court
erred in denying his motion for separate trials and in denying his motion for
continuance.  Appellant filed a motion for separate trials arguing that he
would be prejudiced by the same jury hearing evidence of the two separate
offenses.   Tex. Fam. Code Ann. ' 51.17 (Vernon Supp. 2007)
states that the Texas Rules of Civil Procedure govern juvenile proceedings
unless otherwise provided.  The Juvenile Justice Code contemplates liberal
joinder of offenses, but no specific provision addresses joinder and
consolidation of actions.  In re J.K.R., 986 S.W.2d 278, 285 (Tex. App.CEastland 1998, pet. den=d). Because no specific
provision exists, the Texas Rules of Civil Procedure apply as directed by
Section 51.17.  Id.  Actions that involve common questions of law
or fact may be consolidated by the trial court.  Tex. R. Civ. P. 174(a); In re J.K.R., 986 S.W.2d at
285.  A trial court has broad discretion in the matter of severance and
consolidation of actions. Liberty Nat=l
Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996).  Therefore, a trial
court=s decision to
deny a severance will not be reversed unless it has abused its discretion.   In
re D.L., 160 S.W.3d 155, 162-63 (Tex. App.CTyler
2005, no pet.). 

Tex. Fam. Code Ann. ' 53.04(d)(1) (Vernon 2002)
provides that the petition alleging delinquent conduct must state the Atime, place, and manner of
the acts alleged and the penal law or standard of conduct allegedly violated by
the acts.@  At the
conclusion of an adjudication hearing, Athe
court or jury shall find whether or not the child has engaged in delinquent
conduct@ and Astate which of the
allegations in the petition were found to be established by the evidence.@  Tex. Fam. Code Ann. '
54.03(f), (h) (Vernon Supp. 2007).  In a juvenile proceeding, the jury must
determine whether the juvenile engaged in delinquent conduct; and the Family
Code allows for multiple acts to be alleged in a petition.  The trial court did
not abuse its discretion in denying the motion for separate trials.   Moreover,
there was legally and factually sufficient evidence to support adjudication in
each offense.  Appellant has not shown that trying the offenses together
probably caused the rendition of an improper judgment.  Tex. R. App. P. 44.1(1)(a); In re
C.P., 998 S.W.2d 703 (Tex. App.CWaco
1999, no pet.).  








On
the day of trial, appellant requested that the trial court strike the first two
paragraphs of the  petition because the victim named in the paragraph, ARandall Gindler,@ could not be located for
trial.  The trial court denied the motion, and appellant requested a
continuance.   The trial court denied the continuance and found that a witness
to the assault would be available to testify and subject to cross-examination
by appellant.  We review a trial court=s
ruling on a motion for continuance for abuse of discretion.   Janecka v.
State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996).  To establish an abuse
of discretion, there must be a showing that the defendant was actually
prejudiced by the denial of his motion.  Id.  Appellant has not shown
that he was prejudiced by the denial of his motion for continuance.  The trial
court did not abuse its discretion in denying the motion for continuance. 
Appellant=s first and
second issues on appeal are overruled.

In
his third and fourth issues on appeal, appellant contends that he was denied
his right to confrontation of witnesses and that the trial court erred in
allowing hearsay statements into evidence.  Officer Johnny Jackson, with the
Brownwood Police Department, testified concerning statements made by Gindler at
the scene of the burglary offense. 

Officer
Jackson testified that he responded to a call of a fight in progress on
February 13, 2005.  When Officer Jackson arrived at the scene, Officer James
Fuller was with appellant.  Officer Jackson went to the apartment where the
burglary occurred and observed that Gindler had red marks around his neck and a
small amount of blood on his neck.  Officer Jackson spoke with Gindler at the
scene and testified as to Gindler=s
statements at trial. Gindler said that appellant and Richmond came into the
apartment and that appellant began slapping him.  Gindler pushed appellant to
prevent appellant from hitting him.  Gindler also said that Richmond attacked
Aguirre.   

Statements
relating to a startling event or condition made while the declarant was under
the stress of excitement caused by the event or condition are admissible under
the excited utterance exception to the hearsay rule.  Tex. R. Evid. 803(2).  The admissibility of an out‑of‑court
statement under the exceptions to the general hearsay exclusion rule is within
the trial court=s
discretion.  Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); 
Lawton v. State, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995).  Therefore,
a reviewing court should not reverse a trial court=s decision to admit evidence unless a clear
abuse of discretion is shown.  Zuliani, 97 S.W.3d at 595.    








In
determining whether a hearsay statement is admissible as an excited utterance,
the court may consider the time elapsed and whether the statement was in
response to a question.  Zuliani, 97 S.W.3d at 595-96.  However, it is
not dispositive that the statement is an answer to a question or that it was
separated by a period of time from the startling event;  these are simply
factors to consider in determining whether the statement is admissible under
the excited utterance hearsay exception.  Zuliani, 97 S.W.3d at 596. 
The critical determination is Awhether
the declarant was still dominated by the emotions, excitement, fear, or pain of
the event@ or
condition at the time of the statement.  Id.   A reviewing court must
determine whether the statement was made Aunder
such circumstances as would reasonably show that it resulted from impulse
rather than reason and reflection.@ 
Id.  

The
record shows that Officer Jackson talked to Gindler within minutes of the
altercation, and Officer Jackson testified that Gindler was still acting under
the emotion of the event and was in an excited state.  The trial court did not
abuse its discretion in allowing the evidence.  Appellant was not denied his
right of confrontation.  Spencer v. State, 162 S.W.3d 877 (Tex. App.CHouston [14th Dist.] 2005,
pet. ref=d). 
Appellant=s third and
fourth issues on appeal are overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 3, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.